UNITED STATES OF AMERICA,

        Plaintiff,

    v.

NORTH GEORGIA ELECTRIC
MEMBERSHIP CORPORATION et al.,

        Defendants.

Civil Action No. 5:16-cv-820

**REMEDIAL DESIGN/REMEDIAL ACTION (RD/RA) CONSENT DECREE**

# TABLE OF CONTENTS

I.      BACKGROUND ................................................................................................................ 1
II.     JURISDICTION ................................................................................................................ 3
III.    PARTIES BOUND ............................................................................................................ 3
IV.    DEFINITIONS ................................................................................................................. 3
V.     GENERAL PROVISIONS ............................................................................................... 7
VI.    PERFORMANCE OF THE WORK .................................................................................. 9
VII.   REMEDY REVIEW ...................................................................................................... 11
VIII.  PROPERTY REQUIREMENTS .................................................................................... 12
IX.    FINANCIAL ASSURANCE .......................................................................................... 13
X.     PAYMENTS FOR RESPONSE COSTS AND CIVIL PENALTIES ....................................... 17
XI.    DISBURSEMENT OF SPECIAL ACCOUNT FUNDS ........................................................ 20
XII.   INDEMNIFICATION AND INSURANCE ...................................................................... 23
XIII.  FORCE MAJEURE ....................................................................................................... 24
XIV.  DISPUTE RESOLUTION .............................................................................................. 25
XV.   STIPULATED PENALTIES ........................................................................................... 27
XVI.  COVENANTS BY PLAINTIFF ...................................................................................... 30
XVII. COVENANTS BY SDs AND SFAs ................................................................................ 33
XVIII. EFFECT OF SETTLEMENT; CONTRIBUTION ................................................................ 36
XIX.  ACCESS TO INFORMATION ....................................................................................... 37
XX.   RETENTION OF RECORDS .......................................................................................... 38
XXI.  NOTICES AND SUBMISSIONS .................................................................................... 39
XXII. RETENTION OF JURISDICTION ................................................................................. 40
XXIII. APPENDICES ............................................................................................................ 40
XXIV. MODIFICATION ........................................................................................................ 41
XXV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............................................ 41
XXVI. SIGNATORIES/SERVICE ............................................................................................ 42
XXVII. FINAL JUDGMENT .................................................................................................... 42

# I. BACKGROUND

A.    The United States of America ("United States" or "Plaintiff"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606 and 9607.

B.    The United States in its complaint seeks, *inter alia*: (1) reimbursement of costs incurred by EPA and the Department of Justice ("DOJ") for response actions at the Ward Transformer Superfund Site in Raleigh, North Carolina ("Site"), together with accrued interest; (2) performance of response actions by the defendants at the Site consistent with the National Contingency Plan, 40 C.F.R. Part 300 ("NCP"); and (3) assessment of civil penalties against defendant Carr & Duff, Inc., for its alleged failure to comply with an EPA unilateral administrative order to perform remedial work at the Site.

C.    In accordance with the NCP and Section 121(f)(1)(F) of CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA notified the State of North Carolina (the "State") on December 23, 2008, of negotiations with potentially responsible parties ("PRPs") regarding the implementation of the remedial design and remedial action ("RD/RA") for the Site, and EPA has provided the State with an opportunity to participate in such negotiations and be a party to this Consent Decree ("CD").

D.    In accordance with Section 122(j)(1) of CERCLA, 42 U.S.C. § 9622(j)(1), EPA notified the Department of Interior and the National Oceanic Atmospheric Administration on December 23, 2008, of negotiations with PRPs regarding the release of hazardous substances that may have resulted in injury to the natural resources under federal trusteeship and has encouraged the trustees to participate in the negotiation of this CD.

E.    The defendants that have entered into this CD ("Settling Defendants" or "SDs") do not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint, nor do they acknowledge that the release or threatened release of hazardous substances at or from the Site constitutes an imminent and substantial endangerment to the public health or welfare or the environment. Settling Federal Agencies ("SFAs") do not admit any liability arising out of the transactions or occurrences alleged in any counterclaim asserted by SDs.

F.    Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, EPA placed the Site on the National Priorities List ("NPL"), set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on April 30, 2003, 68 Fed. Reg. 23,077.

G.    In response to a release or a substantial threat of a release of a hazardous substances at or from the Site, in April 2003, EPA commenced a Remedial Investigation and Feasibility Study ("RI/FS") for the Site pursuant to 40 C.F.R. § 300.430.

H.    EPA completed a Revised Remedial Investigation and Risk Assessment Report in September 2004, and a Remedial Investigation Report for Operable Unit 1 ("OU1"), Groundwater and Downstream Reaches, in July 2007, and EPA completed a Feasibility Study Report for Operable Unit 1, Downstream Reaches, Final, in July 2007.

I.     On September 16, 2005, EPA Region 4 signed an Administrative Settlement Agreement and Order on Consent ("Removal AOC") with Consolidation Coal Company, individually and as successor to Bishop Coal Company and Itmann Coal Company ("Consol"), Duke Energy Progress, LLC ("Duke"), Bassett Furniture Industries, Inc. ("Bassett"), Ward Transformer Company, Inc., and Ward Transformer Sales and Service, Inc. to perform a time-critical removal action at the Ward Transformer facility and adjacent parcels (now known as Operable Unit 2 ("OU2")). Consol, Duke, Bassett, and PCS Phosphate Company, Inc. ("PCS") performed the removal action required by the Removal AOC.

J.     Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617, EPA published notice of the completion of the Feasibility Study and of the Proposed Plan for remedial action on August 6, 2007, and August 8, 2007, in two major local newspapers of general circulation. EPA provided an opportunity for written and oral comments from the public on the proposed plan for remedial action. A copy of the transcript of the public meeting is available to the public as part of the administrative record upon which the Regional Administrator, EPA Region 4, based the selection of the response action.

K.     The decision by EPA on the remedial action to be implemented at OU1 of the Site is embodied in a Record of Decision for OU1 ("OU1 ROD"), executed on September 29, 2008, on which the State has given its concurrence. The ROD includes a responsiveness summary to the public comments. Notice of the final plan was published in accordance with Section 117(b) of CERCLA, 42 U.S.C. § 9617(b).

L.     On September 29, 2011, pursuant to Section 106(a) of CERCLA, EPA Region 4 issued a unilateral administrative order to 23 parties, ordering them to develop the remedial design and perform the remedial action for the remedy set forth in the OU1 ROD.

M.     On January 9, 2014, EPA Region 4 signed an Administrative Settlement Agreement and Order on Consent ("OU2 RI/FS AOC") with Consol, Duke, and PCS to perform, and with certain federal agencies, including the United States Department of the Army, United States Department of the Navy, United States Department of the Air Force, and Tennessee Valley Authority, to partially fund, a supplemental remedial investigation/focused feasibility study ("RI/FS") on OU2. Consol, Duke, and PCS are performing the RI/FS for OU2. EPA anticipates publishing a Record of Decision for OU2 ("OU2 ROD") after the completion of the Remedial Investigation and Feasibility Study. EPA will perform the remedy for OU2 set forth in the OU2 ROD.

N.     Based on the information presently available to EPA, EPA believes that the Work will be properly and promptly conducted by the Performing Settling Defendants ("PSDs") if conducted in accordance with this CD and its appendices and funded by the Sales-Only Cashout Settling Defendants, Cashout Settling Defendants, Settling Repair Defendants, and SFAs.

O.     Solely for the purposes of Section 113(j) of CERCLA, 42 U.S.C. § 9613(j), the remedy set forth in the OU1 ROD and the Work to be performed by PSDs shall constitute a response action taken or ordered by the President for which judicial review shall be limited to the administrative record.

P.     The Parties recognize, and the Court by entering this CD finds, that this CD has been negotiated by the Parties in good faith and the settlement memorialized in this CD will

expedite the cleanup of the Site and will avoid prolonged and complicated litigation between the Parties, and that this CD is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

## II.    JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9606, 9607, and 9613(b). This Court also has personal jurisdiction over SDs. Solely for the purposes of this CD and the underlying complaint, SDs waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. SDs shall not challenge the terms of this CD or this Court's jurisdiction to enter and enforce this CD.

## III.    PARTIES BOUND

2.      This CD is binding upon the United States and upon SDs and their successors and assigns. Any change in ownership or corporate or other legal status of an SD including, but not limited to, any transfer of assets or real or personal property, shall in no way alter such SD's responsibilities under this CD.

3.      PSDs shall provide a copy of this CD to each contractor hired to perform the Work and to each person representing any PSD with respect to the Site or the Work, and shall condition all contracts entered into hereunder upon performance of the Work in conformity with the terms of this CD. PSDs or their contractors shall provide written notice of the CD to all subcontractors hired to perform any portion of the Work. PSDs shall nonetheless be responsible for ensuring that their contractors and subcontractors perform the Work in accordance with the terms of this CD. With regard to the activities undertaken pursuant to this CD, each contractor and subcontractor shall be deemed to be in a contractual relationship with PSDs within the meaning of Section 107(b)(3) of CERCLA, 42 U.S.C. § 9607(b)(3).

## IV.    DEFINITIONS

4.      Unless otherwise expressly provided in this CD, terms used in this CD that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this CD or its appendices, the following definitions shall apply solely for purposes of this CD:

"Affected Property" shall mean all real property at the Site and any other real property where EPA determines, at any time, that access, land, water, or other resource use restrictions, and/or Institutional Controls are needed to implement the Remedial Action.

"Bassett" shall mean Non-Funding Performing Settling Defendant Bassett Furniture Industries, Inc.

"Cashout Settling Defendants" shall mean those Settling Defendants identified in Appendix B.

"Cashout Settling Federal Agencies" shall mean the United States Department of the Army ("Army"), United States Department of the Navy ("Navy"), and United States Department of the Air Force ("Air Force") and their successor departments, agencies, or instrumentalities.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consol" shall mean Non-Funding Performing Settling Defendant Consolidation Coal Company, individually and as successor to Bishop Coal Company and Itmann Coal Company.

"Consent Decree" or "CD" shall mean this consent decree and all appendices attached hereto (listed in Section XXIII). In the event of conflict between this CD and any appendix, this CD shall control.

"Day" or "day" shall mean a calendar day. In computing any period of time under this CD, where the last day would fall on a Saturday, Sunday, or federal or State holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

"Duke" shall mean Cashout Settling Defendant Duke Energy Progress, LLC.

"Effective Date" shall mean the date upon which the approval of this CD is entered on the Court's docket.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies, or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Escrow Agent" shall mean Thomas Claassen, Schneider Downs & Co., Inc., One PPG Place Suite 1700, Pittsburgh, PA 15222.

"Financial Trustee" shall mean Schneider Downs & Co., Inc., One PPG Place Suite 1700, Pittsburgh, PA 15222.

"Future Response Costs" shall mean all costs, including both direct and indirect costs, that the United States incurs pursuant to ¶ 11 (Emergencies and Releases), ¶ 29 (Access to Financial Assurance), Section VIII (Property Requirements) (including the cost of attorney time and any monies paid to secure or enforce access or land, water, or other resource use restrictions and/or to secure, implement, monitor, maintain, or enforce Institutional Controls including the amount of just compensation), and Section XIV (Dispute Resolution), and all litigation costs. Future Response Costs shall also mean all costs, including both direct and indirect costs, that the United States incurs in enforcing this CD.

"Institutional Controls" or "ICs" shall mean Proprietary Controls and state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls or notices that: (a) limit land, water, or other resource use to minimize the potential for human exposure to Waste Material at or in connection with the Site; (b) limit land, water, or other resource use to

implement, ensure non-interference with, or ensure the protectiveness of the RA; and/or (c) provide information intended to modify or guide human behavior at or in connection with the Site.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at http://www.epa.gov/ocfopage/finstatement/superfund/int_rate.htm.

"Interest Earned" shall mean interest earned on amounts in the Ward Transformer Disbursement Special Account, which shall be computed monthly at a rate based on the annual return on investments of the EPA Hazardous Substance Superfund. The applicable rate of interest shall be the rate in effect at the time the interest accrues.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Non-Funding Performing Settling Defendants" shall mean Settling Defendants Consol, PCS, and Bassett.

"Non-Settling Owner" shall mean any person, other than an SD, that owns or controls any Affected Property. The clause "Non-Settling Owner's Affected Property" means Affected Property owned or controlled by Non-Settling Owner.

"Operation and Maintenance" or "O&M" shall mean all activities required to operate, maintain, and monitor the effectiveness of the RA as specified in the SOW or any EPA-approved O&M Plan.

"OU1 ROD" shall mean the EPA Record of Decision relating to Operable Unit 1 at the Site signed on September 29, 2008, by the Regional Administrator, EPA Region 4, or his/her delegate, and all attachments thereto. The OU1 ROD is attached as Appendix F.

"OU2 RI/FS AOC" shall mean the Administrative Settlement Agreement and Order on Consent for Supplemental Remedial Investigation and Focused Feasibility Study entered on January 9, 2014, between EPA Region 4 and Consol, Duke, PCS, SFAs, and five other federal agencies.

"OU2 RI/FS AOC Parties" shall mean Consol, Duke, PCS, and SFAs.

"Paragraph" or "¶" shall mean a portion of this CD identified by an Arabic numeral or an upper or lower case letter.

"Parties" shall mean the United States and SDs.

"PCS" shall mean Non-Funding Performing Settling Defendant PCS Phosphate Company, Inc.

"Performance Standards" shall mean the cleanup levels and other measures of achievement of the remedial action objectives, as set forth in the OU1 ROD.

"Performing Settling Defendants" or "PSDs" shall mean the Settling Repair Defendants and Non-Funding Performing Settling Defendants.

"Plaintiff" shall mean the United States.

"Proprietary Controls" shall mean easements or covenants running with the land that (a) limit land, water, or other resource use and/or provide access rights and (b) are created pursuant to common law or statutory law by an instrument that is recorded in the appropriate land records office.

"RCRA" shall mean the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Remedial Action" or "RA" shall mean the remedial action selected in the OU1 ROD.

"Remedial Design" or "RD" shall mean those activities to be undertaken by PSDs to develop final plans and specifications for the RA as stated in the SOW.

"Sales-Only Cashout Settling Defendants" shall mean those Settling Defendants identified in Appendix A.

"Sales-Only Cashout Settling Federal Agency" shall mean the Tennessee Valley Authority and its successor departments, agencies, or instrumentalities.

"Section" shall mean a portion of this CD identified by a Roman numeral.

"Settling Defendants" or "SDs" shall mean the Sales-Only Cashout Settling Defendants, Cashout Settling Defendants, and PSDs.

"Settling Federal Agencies" or "SFAs" shall mean the Cashout Settling Federal Agencies, which consist of the Army, Navy, and Air Force, and the Sales-Only Cashout Settling Federal Agency, the Tennessee Valley Authority.

"Settling Repair Defendants" shall mean those Settling Defendants identified in Appendix C.

"Site" shall mean the Ward Transformer Superfund Site located in Raleigh, Wake County, North Carolina. The Site includes the Ward Transformer facility, certain parcels adjacent to the facility, nearby drainage pathways, and areas downgradient from the Ward Transformer facility as described in the OU1 ROD, and encompasses the areal extent of the contamination therefrom in the surface and subsurface sediments, soils, and waters. The Site is generally depicted on the map attached as Appendix E.

"State" shall mean the State of North Carolina.

"Statement of Work" or "SOW" shall mean the document describing the activities PSDs must perform to implement the RD, the RA, and O&M regarding the Site, which is attached as Appendix G.

"Supervising Contractor" shall mean the principal contractor retained by PSDs to supervise and direct the implementation of the Work under this CD.

6

"Transfer" shall mean to sell, assign, convey, lease, mortgage, or grant a security interest in, or where used as a noun, a sale, assignment, conveyance, or other disposition of any interest by operation of law or otherwise.

"Trust" shall mean the Ward Superfund OU1 Trust Fund to be established by the PSDs to receive settlement and other payments regarding the Site from the Settling Repair Defendants, the Cashout Settling Defendants, the Sales-Only Cashout Settling Defendants, the SFAs, and the Ward Transformer Disbursement Special Account, or such successor trust account as may be established by the PSDs.

"UAO" shall mean the Unilateral Administrative Order for OU1 issued by EPA on September 29, 2011.

"UAO Parties" shall mean those Settling Defendants identified in Appendix D.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA and the SFAs.

"Ward Transformer Disbursement Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3), and ¶ 36 (Creation of Ward Transformer Disbursement Special Account and Agreement to Disburse Funds to PSDs).

"Ward Transformer Special Account" shall mean the special account, within the EPA Hazardous Substance Superfund, established for the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. § 9622(b)(3).

"Waste Material" shall mean (1) any "hazardous substance" under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any pollutant or contaminant under Section 101(33) of CERCLA, 42 U.S.C. § 9601(33); (3) any "solid waste" under Section 1004(27) of RCRA, 42 U.S.C. § 6903(27); and (4) any "hazardous material" under Section 130A-310(2) of the North Carolina General Statutes.

"Work" shall mean all activities and obligations SDs are required to perform under this CD, except the activities required under Section XX (Retention of Records). For purposes of clarity, Work includes, but is not limited to, all activities, including payment and funding obligations, required by the CD, including payment of Future Response Costs, financial assurance, stipulated penalties, and performance of further response actions pursuant to ¶ 18.

## V.    GENERAL PROVISIONS

5.      **Objectives of the Parties**. The objectives of the Parties in entering into this CD are to protect public health or welfare or the environment by the financing of response actions at the Site by the Sales-Only Cashout Settling Defendants, Cashout Settling Defendants, Settling Repair Defendants, and SFAs, and the design and implementation of response actions at the Site by the PSDs; and to resolve the claims of Plaintiff against the SDs and the claims of the SDs that have been or could have been asserted against the United States with regard to this Site as provided in this CD.

6.     **Commitments by SDs and SFAs**.

a.     The Settling Repair Defendants, Cashout Settling Defendants, Sales-Only Cashout Settling Defendants, and SFAs shall finance the Work pursuant to this CD, and the PSDs shall perform the Work in accordance with this CD and all deliverables developed by PSDs and approved or modified by EPA pursuant to this CD. The PSDs shall also have access to funds from the Ward Transformer Disbursement Special Account as set forth in Section XI of this CD.

b.     The Settling Repair Defendants shall make the initial payments to the Trust as provided in ¶ 32.a(1) of this CD. The Settling Repair Defendants shall pay any future assessments required to complete the Work pursuant to ¶ 32.b of this CD and the allocation schedule in Appendix C. In the event that any Settling Repair Defendant becomes insolvent, is in bankruptcy, or is otherwise unable or unwilling to pay all or some portion of its share of any future assessment, the remaining Settling Repair Defendants shall pay any such unpaid amount proportionally based on their allocations for future contributions set forth in Appendix C.

c.     Upon making the payments to the Trust required under ¶ 32.a(1)of this CD and as set forth in Appendix A, each Sales-Only Cashout Settling Defendant shall have no further obligations under this CD, subject to the reservations set forth in ¶ 77.a. The payment obligations of Sales-Only Cashout Settling Defendants are several.

d.     Upon making the payments to the Trust required under ¶ 32.a(1) of this CD and as set forth in Appendix B, which payment obligations are several, each Cashout Settling Defendant shall have no further obligations under this CD, subject to the reopeners set forth in ¶¶ 74 and 75 and the reservations set forth in ¶ 77.a.

e.     Upon making the payments to the Trust required under ¶ 32.a(3) of this CD, the Sales-Only Cashout Settling Federal Agency shall have no further obligations under this CD, subject to the reservations set forth in ¶ 77.a.

f.     Upon making the payments to the Trust required under ¶ 32.a(4) of this CD, each Cashout Settling Federal Agency shall have no further obligations under this CD, subject to the reopeners set forth in ¶¶ 74 and 75 and the reservations set forth in ¶ 77.a.

g.     The PSDs will use the funds paid by the Sales-Only Cashout Settling Defendants, the Cashout Settling Defendants, the Settling Repair Defendants, and the SFAs, and the funds committed to the Work by EPA under Section XI of this CD, to finance the performance of the Work.

h.     The obligations of the PSDs to finance and perform the Work and to pay Future Response Costs due under this CD are joint and several. In the event of the insolvency of any PSD or the failure by any PSD to implement any requirement of this CD, the remaining PSDs shall complete all such requirements.

i.     Notwithstanding any other provision of this CD, in the event of any action by the United States to enforce this CD, no enforcement action shall be taken, and no stipulated penalties assessed, against any Non-Funding Performing Settling Defendant unless and until the United States has exhausted the pursuit of its remedies against all other PSDs.

7. **Compliance with Applicable Law**. Nothing in this CD limits PSDs' obligations to comply with the requirements of all applicable federal and state laws and regulations. PSDs must also comply with all applicable or relevant and appropriate requirements of all federal and state environmental laws as set forth in the OU1 ROD and the SOW. The activities conducted pursuant to this CD, if approved by EPA, shall be deemed to be consistent with the NCP as provided in Section 300.700(c)(3)(ii) of the NCP.

8. **Permits**.

a. As provided in Section 121(e) of CERCLA, 42 U.S.C. § 9621(e), and Section 300.400(e) of the NCP, no permit shall be required for any portion of the Work conducted entirely on-site (i.e., within the areal extent of contamination or in very close proximity to the contamination and necessary for implementation of the Work). Where any portion of the Work that is not on-site requires a federal or state permit or approval, PSDs shall submit timely and complete applications and take all other actions necessary to obtain all such permits or approvals.

b. PSDs may seek relief under the provisions of Section XIII (Force Majeure) for any delay in the performance of the Work resulting from a failure to obtain, or a delay in obtaining, any permit or approval referenced in ¶ 8.a and required for the Work, provided that they have submitted timely and complete applications and taken all other actions necessary to obtain all such permits or approvals.

c. This CD is not, and shall not be construed to be, a permit issued pursuant to any federal or state statute or regulation.

# VI.  PERFORMANCE OF THE WORK

9. **Coordination and Supervision**.

a. **Project Coordinators**.

(1) PSDs' Project Coordinator must have sufficient technical expertise to coordinate the Work. PSDs' Project Coordinator may not be an attorney representing any PSD in this matter and may not act as the Supervising Contractor. PSDs' Project Coordinator may assign other representatives, including other contractors, to assist in coordinating the Work.

(2) EPA shall designate and notify the PSDs of EPA's Project Coordinator and Alternate Project Coordinator. EPA may designate other representatives, which may include its employees, contractors and/or consultants, to oversee the Work. EPA's Project Coordinator/Alternate Project Coordinator will have the same authority as a remedial project manager and/or an on-scene coordinator, as described in the NCP. This includes the authority to halt the Work and/or to conduct or direct any necessary response action when he or she determines that conditions at the Site constitute an emergency or may present an immediate threat to public health or welfare or the environment due to a release or threatened release of Waste Material.

(3) PSDs' Project Coordinator shall meet with EPA's Project Coordinator at least monthly, in person or by phone.

b.      **Supervising Contractor**. PSDs' proposed Supervising Contractor must have sufficient technical expertise to supervise the Work and a quality assurance system that complies with ANSI/ASQC E4-2004, Quality Systems for Environmental Data and Technology Programs: Requirements with Guidance for Use (American National Standard).

c.      **Procedures for Disapproval/Notice to Proceed**.

(1)     PSDs shall designate, and notify EPA, within 10 days after the Effective Date, of the name(s), contact information, and qualifications of the PSDs' proposed Project Coordinator and Supervising Contractor.

(2)     EPA, after a reasonable opportunity for review and comment by the State, shall issue notices of disapproval and/or authorizations to proceed regarding the proposed Project Coordinator and Supervising Contractor, as applicable. Any notice of disapproval shall include an explanation of the basis for such disapproval. If EPA issues a notice of disapproval, PSDs shall, within 30 days, submit to EPA a list of supplemental proposed Project Coordinators and/or Supervising Contractors, as applicable, including a description of the qualifications of each. EPA shall issue a notice of disapproval or authorization to proceed regarding each supplemental proposed coordinator and/or contractor. PSDs may select any coordinator/contractor covered by an authorization to proceed and shall, within 21 days, notify EPA of PSDs' selection.

(3)     PSDs may change their Project Coordinator and/or Supervising Contractor, as applicable, by following the procedures of ¶¶ 9.c(1) and 9.c(2).

10.     **Performance of Work in Accordance with SOW**. PSDs shall: (a) develop the RD; (b) perform the RA; and (c) operate, maintain, and monitor the effectiveness of the RA; all in accordance with the SOW and all EPA-approved, conditionally-approved, or modified deliverables as required by the SOW. All deliverables required to be submitted for approval under the CD or SOW shall be subject to approval by EPA in accordance with Section V (Planning and Deliverables) of the SOW.

11.     **Emergencies and Releases**. PSDs shall comply with the emergency and release response and reporting requirements under Section V, Task II, ¶ A.6 (Emergency Response and Reporting) of the SOW. Subject to Section XVI (Covenants by Plaintiff), nothing in this CD, including Section V, Task II, ¶ A.6 of the SOW, limits any authority of Plaintiff: (a) to take all appropriate action to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site, or (b) to direct or order such action, or seek an order from the Court, to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site. If, due to PSDs' failure to take appropriate response action under Section V, Task II, ¶ A.6 of the SOW, EPA takes such action instead, PSDs shall reimburse EPA under Section X (Payments for Response Costs and Civil Penalties) for all costs of the response action.

12.     **Community Involvement**. If requested by EPA, PSDs shall conduct community involvement activities under EPA's oversight as provided for in, and in accordance with, Section IV (Community Involvement) of the SOW. Such activities may include, but are not

limited to, designation of a Community Involvement Coordinator and implementation of a technical assistance plan.

13. **Modification of SOW or Related Deliverables**.

a.      If EPA determines that it is necessary to modify the work specified in the SOW and/or in deliverables developed under the SOW in order to achieve and/or maintain the Performance Standards or to carry out and maintain the effectiveness of the RA, and such modification is consistent with the Selected Remedy set forth in Section III of the SOW, then EPA may notify PSDs of such modification. If PSDs object to the modification they may, within 30 days after EPA's notification, seek dispute resolution under Section XIV.

b.      The SOW and/or related work plans shall be modified: (1) in accordance with the modification issued by EPA; or (2) if PSDs invoke dispute resolution, in accordance with the final resolution of the dispute. The modification shall be incorporated into and enforceable under this CD, and PSDs shall implement all work required by such modification. PSDs shall incorporate the modification into the deliverable required under the SOW, as appropriate.

c.      Nothing in this Paragraph shall be construed to limit EPA's authority to require performance of further response actions as otherwise provided in this CD.

14.      Nothing in this CD, the SOW, or any deliverable required under the SOW constitutes a warranty or representation of any kind by Plaintiff that compliance with the work requirements set forth in the SOW or related deliverable will achieve the Performance Standards.

## VII.   REMEDY REVIEW

15.      **Periodic Review**. PSDs shall conduct, in accordance with Section III, ¶ A (Selected Remedy; Components) of the SOW, studies and investigations to support EPA's reviews under Section 121(c) of CERCLA, 42 U.S.C. § 9621(c), and applicable regulations, of whether the RA is protective of human health and the environment.

16.      **EPA Selection of Further Response Actions**. If EPA determines, at any time, that the RA is not protective of human health and the environment, EPA may select further response actions for the Site in accordance with the requirements of CERCLA and the NCP.

17.      **Opportunity to Comment**. PSDs and Cashout Settling Defendants and, if required by Section 113(k)(2) or 117 of CERCLA, 42 U.S.C. § 9613(k)(2) or 9617, the public, will be provided with an opportunity to comment on any further response actions proposed by EPA as a result of the review conducted pursuant to Section 121(c) of CERCLA and to submit written comments for the record during the comment period.

18.      **Obligation to Finance and Perform Further Response Actions**. If EPA selects further response actions relating to the Site, EPA may require Cashout Settling Defendants and Settling Repair Defendants to finance and PSDs to perform such further response actions (which, for purposes of the CD, shall be considered part of the Work), but only to the extent that the reopener conditions in ¶ 74 or 75 (United States' Pre- and Post-Certification Reservations) are satisfied. PSDs or Cashout Settling Defendants may invoke the procedures set forth in Section XIV (Dispute Resolution) to dispute (a) EPA's determination that the reopener conditions of

¶ 74 or 75 are satisfied, (b) EPA's determination that the RA is not protective of human health and the environment, or (c) EPA's selection of the further response actions. Disputes regarding EPA's determination that the RA is not protective or EPA's selection of further response actions shall be resolved pursuant to ¶ 54 (Record Review).

19.     **Submission of Plans**. If PSDs are required to perform further response actions pursuant to ¶ 18, they shall submit a plan for such response action to EPA for approval in accordance with the procedures of Section VI (Performance of the Work by PSDs). PSDs shall implement the approved plan in accordance with this CD.

## VIII.   PROPERTY REQUIREMENTS

20.     **Agreements Regarding Access and Non-Interference.** PSDs shall, with respect to any Non-Settling Owner's Affected Property, use best efforts to secure from such Non-Settling Owner an agreement, enforceable by PSDs and by Plaintiff, providing that such Non-Settling Owner: (i) provide Plaintiff and the other PSDs, and their representatives, contractors, and subcontractors with access at all reasonable times to such Affected Property to conduct any activity regarding the CD, including those listed in ¶ 20.a (Access Requirements); and (ii) refrain from using such Affected Property in any manner that EPA determines will pose an unacceptable risk to human health or to the environment due to exposure to Waste Material, or interfere with or adversely affect the implementation, integrity, or protectiveness of the Remedial Action.

a.      **Access Requirements**. The following is a list of activities for which access is required regarding the Affected Property:

(1)      Conducting or monitoring the Work;

(2)      Verifying any data or information submitted to the United States;

(3)      Conducting investigations regarding contamination at or near the Site;

(4)      Obtaining samples;

(5)      Assessing the need for, planning, or implementing additional response actions at or near the Site;

(6)      Assessing implementation of quality assurance and quality control practices as defined in the approved construction quality assurance quality control plan as provided in the SOW;

(7)      Implementing the Work pursuant to the conditions set forth in ¶ 78 (Work Takeover);

(8)      Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by PSDs or their agents, consistent with Section XIX (Access to Information);

(9)      Assessing PSDs' compliance with the CD;

(10)     Determining whether the Affected Property is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted under the CD; and

(11)     Implementing, monitoring, maintaining, reporting on, and enforcing any land, water, or other resource use restrictions and Institutional Controls.

21.     **Best Efforts**. As used in this Section, "best efforts" means the efforts that a reasonable person in the position of PSDs would use so as to achieve the goal in a timely manner, including the cost of employing professional assistance and the payment of reasonable sums of money to secure access and/or use restriction agreements. If PSDs are unable to accomplish what is required through "best efforts" in a timely manner, they shall notify the EPA, and include a description of the steps taken to comply with the requirements. If the United States deems it appropriate, it may assist PSDs, or take independent action, in obtaining such access and/or use restrictions. All costs incurred by the United States in providing such assistance or taking such action, including the cost of attorney time and the amount of monetary consideration or just compensation paid, constitute Future Response Costs to be reimbursed under Section X (Payments for Response Costs and Civil Penalties).

22.     If EPA determines in a decision document prepared in accordance with the NCP that Institutional Controls in the form of state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls or notices are needed, PSDs shall cooperate with EPA's efforts to secure and ensure compliance with such Institutional Controls.

23.     In the event of any Transfer of the Affected Property, unless the United States otherwise consents in writing, PSDs shall continue to comply with their obligations under the CD, including their obligation to secure access and ensure compliance with any land, water, or other resource use restrictions regarding the Affected Property, and to implement, maintain, monitor, and report on Institutional Controls.

24.     Notwithstanding any provision of the CD, Plaintiff retains all of its access authorities and rights, as well as all of its rights to require land, water, or other resource use restrictions and Institutional Controls, including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## IX.     FINANCIAL ASSURANCE

25.     In order to ensure completion of the Work, PSDs shall secure financial assurance, initially in the amount of $5,500,000 ("Estimated Cost of the Work") for the benefit of EPA. The financial assurance must be one or more of the mechanisms listed below, in a form substantially identical to the relevant sample documents available from the "Financial Assurance" category on the Cleanup Enforcement Model Language and Sample Documents Database at http://cfpub.epa.gov/compliance/models/, and satisfactory to EPA. PSDs may use multiple mechanisms if they are limited to surety bonds guaranteeing payment, letters of credit, trust funds, escrow accounts, and/or insurance policies.

a.　　A surety bond guaranteeing payment and/or performance of the Work that is issued by a surety company among those listed as acceptable sureties on federal bonds as set forth in Circular 570 of the U.S. Department of the Treasury;

b.　　An irrevocable letter of credit, payable to or at the direction of EPA, that is issued by an entity that has the authority to issue letters of credit and whose letter-of-credit operations are regulated and examined by a federal or state agency;

c.　　A trust fund established for the benefit of EPA that is administered by a trustee that has the authority to act as a trustee and whose trust operations are regulated and examined by a federal or state agency;

d.　　A policy of insurance that provides EPA with acceptable rights as a beneficiary thereof and that is issued by an insurance carrier that has the authority to issue insurance policies in the applicable jurisdiction(s) and whose insurance operations are regulated and examined by a federal or state agency;

e.　　A demonstration by one or more Settling Repair Defendants that each such Settling Repair Defendant meets the relevant financial test criteria of 40 C.F.R. § 264.143(f) and reporting requirements of this Section for the sum of the Estimated Cost of the Work and the amounts, if any, of other federal, state, or tribal environmental obligations financially assured through the use of a financial test or guarantee, accompanied by a standby funding commitment, which allows PSDs to pay funds to or at the direction of EPA, up to the amount financially assured through the use of this demonstration in the event of a Work Takeover; or

f.　　A guarantee to fund or perform the Work executed in favor of EPA by one of the following: (1) a direct or indirect parent company of a PSD; or (2) a company that has a "substantial business relationship" (as defined in 40 C.F.R. § 264.141(h)) with a PSD; provided, however, that any company providing such a guarantee must demonstrate to EPA's satisfaction that it meets the relevant financial test criteria of 40 C.F.R. § 264.143(f) and reporting requirements of this Section for the sum of the Estimated Cost of the Work and the amounts, if any, of other federal, state, or tribal environmental obligations financially assured through the use of a financial test or guarantee.

g.　　An escrow account that provides EPA security and rights equivalent to those provided by a trust fund that meets the requirements of 40 C.F.R. § 264.151(a)(1) to finance the Work in accordance with this CD. The escrow account shall provide that the funds placed therein are specifically and irrevocably reserved for the Work. PSDs shall include in any progress reports submitted pursuant to this CD or the SOW a report on the status of payments out of the escrow account. At EPA's request, PSDs shall make available to EPA any financial reports or other similar documents prepared by the Escrow Agent or other person responsible for approving payments out of the escrow account. Upon completion of the SOW any funds remaining in the escrow account may be disbursed to the Trust.

26.　　PSDs have selected, and EPA has found satisfactory, as an initial financial assurance an escrow account prepared in accordance with ¶ 25.g. Within 30 days after the Effective Date, or 30 days after EPA's approval of the form and substance of PSDs' financial assurance, whichever is later, PSDs shall secure all executed and/or otherwise finalized mechanisms or other documents consistent with the EPA-approved form of financial assurance

and shall submit such mechanisms and documents to the Program Analyst, to the United States, and to EPA as specified in Section XXI (Notices and Submissions).

27.     If PSDs provide financial assurance by means of a demonstration or guarantee under ¶ 25.e or 25.f, the affected PSDs shall also comply and shall ensure that their guarantors comply with the other relevant criteria and requirements of 40 C.F.R. § 264.143(f) and this Section, including, but not limited to: (a) the initial submission to EPA of required documents from the affected entity's chief financial officer and independent certified public accountant no later than 30 days after the Effective Date; (b) the annual resubmission of such documents within 90 days after the close of each such entity's fiscal year; and (c) the notification of EPA no later than 30 days, in accordance with ¶ 28, after any such entity determines that it no longer satisfies the relevant financial test criteria and requirements set forth at 40 C.F.R. § 264.143(f)(1). PSDs agree that EPA may also, based on a belief that an affected entity may no longer meet the financial test requirements of ¶ 25.e or 25.f, require reports of financial condition at any time from such entity in addition to those specified in this Paragraph. For purposes of this Section, references in 40 C.F.R. Part 264, Subpart H, to: (1) the terms "current closure cost estimate," "current post-closure cost estimate," and "current plugging and abandonment cost estimate" include the Estimated Cost of the Work; (2) the phrase "the sum of the current closure and post-closure cost estimates and the current plugging and abandonment cost estimates" includes the sum of all environmental obligations (including obligations under CERCLA, RCRA, and any other federal, state, or tribal environmental obligation) guaranteed by such company or for which such company is otherwise financially obligated in addition to the Estimated Cost of the Work under this CD; (3) the terms "owner" and "operator" include each PSD making a demonstration or obtaining a guarantee under ¶ 25.e or 25.f; and (4) the terms "facility" and "hazardous waste management facility" include the Site.

28.     PSDs shall diligently monitor the adequacy of the financial assurance. If any PSD becomes aware of any information indicating that the financial assurance provided under this Section is inadequate or otherwise no longer satisfies the requirements of this Section, such PSD shall notify EPA of such information within 7 days. If EPA determines that the financial assurance provided under this Section is inadequate or otherwise no longer satisfies the requirements of this Section, EPA will notify the affected PSD of such determination. PSDs shall, within 30 days after notifying EPA or receiving notice from EPA under this Paragraph, secure and submit to EPA for approval a proposal for a revised or alternative financial assurance mechanism that satisfies the requirements of this Section. EPA may extend this deadline for such time as is reasonably necessary for the affected PSD, in the exercise of due diligence, to secure and submit to EPA a proposal for a revised or alternative financial assurance mechanism, not to exceed 60 days. PSDs shall follow the procedures of ¶ 30 (Modification of Amount, Form, or Terms of Financial Assurance) in seeking approval of, and submitting documentation for, the revised or alternative financial assurance mechanism. PSDs' inability to secure and submit to EPA financial assurance in accordance with this Section shall in no way excuse performance of any other requirements of this CD, including, without limitation, the obligation of PSDs to complete the Work in accordance with the terms of this CD.

29.     **Access to Financial Assurance**.

        a.      If EPA issues a notice of implementation of a Work Takeover under ¶ 78.b, then, in accordance with any applicable financial assurance mechanism and/or related

standby funding commitment, EPA is entitled to: (1) the performance of the Work; and/or (2) require that any funds guaranteed be paid in accordance with ¶ 29.d.

b.        If EPA is notified by the issuer of a financial assurance mechanism that it intends to cancel such mechanism, and the affected PSD fails to provide an alternative financial assurance mechanism in accordance with this Section at least 30 days prior to the cancellation date, the funds guaranteed under such mechanism must be paid prior to cancellation in accordance with ¶ 29.d.

c.        If, upon issuance of a notice of implementation of a Work Takeover under ¶ 78.b, either: (1) EPA is unable for any reason to promptly secure the resources guaranteed under any applicable financial assurance mechanism and/or related standby funding commitment, whether in cash or in kind, to continue and complete the Work; or (2) the financial assurance is provided under ¶ 25.e or 25.f, then EPA may demand an amount, as determined by EPA, sufficient to cover the cost of the remaining Work to be performed. PSDs shall, within 5 days of such demand, pay the amount demanded as directed by EPA.

d.        Any amounts required to be paid under this ¶ 29 shall be, as directed by EPA: (i) paid to EPA in order to facilitate the completion of the Work by EPA or by another person; or (ii) deposited into an interest-bearing account, established at a duly chartered bank or trust company that is insured by the FDIC, in order to facilitate the completion of the Work by another person. If payment is made to EPA, EPA may deposit the payment into the EPA Hazardous Substance Superfund or into the Ward Transformer Special Account within the EPA Hazardous Substance Superfund to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

e.        All EPA Work Takeover costs not paid under this ¶ 29 must be reimbursed as Future Response Costs under Section X (Payments for Response Costs and Civil Penalties).

30.        **Modification of Amount, Form, or Terms of Financial Assurance**. PSDs may submit, on any anniversary of the Effective Date or at any other time agreed to by the Parties, a request to reduce the amount, or change the form or terms, of the financial assurance mechanism. Any such request must be submitted to EPA in accordance with ¶ 26, and must include an estimate of the cost of the remaining Work, an explanation of the bases for the cost calculation, and a description of the proposed changes, if any, to the form or terms of the financial assurance. EPA will notify PSDs of its decision to approve or disapprove a requested reduction or change pursuant to this Paragraph. PSDs may reduce the amount of the financial assurance mechanism only in accordance with: (a) EPA's approval; or (b) if there is a dispute, the agreement, final administrative decision, or final judicial decision resolving such dispute under Section XIV (Dispute Resolution). Any decision made by EPA on a request submitted under this Paragraph to change the form or terms of a financial assurance mechanism shall be made in EPA's sole and unreviewable discretion, and such decision shall not be subject to challenge by PSDs pursuant to the dispute resolution provisions of this CD or in any other forum. Within 30 days after receipt of EPA's approval of, or the agreement or decision resolving a dispute relating to, the requested modifications pursuant to this Paragraph, PSDs shall submit to EPA documentation of the reduced, revised, or alternative financial assurance mechanism in accordance with ¶ 26.

31.     **Release, Cancellation, or Discontinuation of Financial Assurance**. PSDs may release, cancel, or discontinue any financial assurance provided under this Section only: (a) if EPA issues a Certification of Work Completion under Section V, Task II, ¶ D.1 (Remedial Action Report) of the SOW; (b) in accordance with EPA's approval of such release, cancellation, or discontinuation; or (c) if there is a dispute regarding the release, cancellation or discontinuance of any financial assurance, in accordance with the agreement, final administrative decision, or final judicial decision resolving such dispute under Section XIV (Dispute Resolution).

# X.     PAYMENTS FOR RESPONSE COSTS AND CIVIL PENALTIES

32.     **Payments Due to the Trust**

a.     **Cashout Payments and Initial Payments.**

(1)     Each Sales-Only Cashout Settling Defendant has submitted to the Trust its payment as specified in Appendix A to this CD. Each Cashout Settling Defendant has submitted to the Trust its payment as specified in Appendix B to this CD. Each Settling Repair Defendant has submitted to the Trust its initial payment as specified in Appendix C to this CD.

(2)     The Trust shall transmit funds in the Trust to the escrow account pursuant to ¶ 26.

(3)     As soon as reasonably practicable after the Effective Date, the Sales-Only Cashout Settling Federal Agency shall pay $10,000 to the Trust. If the payment is not made within 90 days after the Effective Date, the Sales-Only Cashout Settling Federal Agency shall pay Interest on the unpaid balance, with such Interest commencing on the 91st day after the Effective Date.

(4)     As soon as reasonably practicable after the Effective Date, the United States, on behalf of the Cashout Settling Federal Agencies, shall pay $1,089,000 to the Trust. If the payment is not made within 90 days after the Effective Date, the United States shall pay Interest on the unpaid balance, with such Interest commencing on the 91st day after the Effective Date. The Parties to this Consent Decree recognize and acknowledge that the payment obligation can only be paid from appropriated funds legally available for such purpose. Nothing in this Consent Decree shall be interpreted or construed as a commitment or requirement that any Cashout Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of the law.

b.     **Any Future Assessments.** Within 60 days after the receipt of any future assessment from the Trust, each Settling Repair Defendant shall pay its assessment to the Trust in accordance with Appendix C.  Payments shall be paid by mailing a check, payable to "Ward Superfund OU1 Trust Fund," to

Thomas G. Claassen CPA, ABV, CFE
Shareholder
Schneider Downs & Co., Inc.
One PPG Place, Suite 1700
Pittsburgh, PA 15222

Payments for any future assessments may also be made via wire transfer. The Financial Trustee will distribute wire transfer instructions to each Settling Repair Defendant within sixty (60) days of the Effective Date.

33. **Payment by Carr & Duff, Inc. for Civil Penalties**.

    a.    Within 30 days after the Effective Date, and subject to ¶ E of this CD, Settling Repair Defendant Carr & Duff, Inc. shall pay the United States a sum of $40,000 in full and final settlement of the United States' claim for civil penalties under Section 106(b)(1) of CERCLA, 42 U.S.C. § 9606(b)(1). Payment shall be made in accordance with ¶ 35. The total amount to be paid by Carr & Duff, Inc. pursuant to this Paragraph shall be deposited in the EPA Hazardous Substance Superfund.

    b.    In the event that the payment required by ¶ 33.a is not made by the date required, Carr & Duff, Inc. shall pay Interest on the unpaid balance. Interest shall begin to accrue on the Effective Date and shall accrue through the date of payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of Carr & Duff, Inc.'s failure to make timely payment under this Paragraph, including, but not limited to, payment of stipulated penalties pursuant to Section XV (Stipulated Penalties).

    c.    Carr & Duff, Inc. shall not deduct any civil penalties paid pursuant to this Paragraph in calculating its federal income tax.

34. **Payments by PSDs for Future Response Costs**. PSDs shall pay to EPA all Future Response Costs not inconsistent with the NCP.

    a.    **Periodic Bills for Future Response Costs**. On a periodic basis, if any Future Response Costs have been incurred, EPA will send PSDs a bill requiring payment that includes a SCORPIOS Report which includes direct and indirect costs incurred by EPA, its contractors, subcontractors, and DOJ. PSDs shall make all payments within 30 days after PSDs' receipt of each bill requiring payment, except as otherwise provided in ¶ 34.c, in accordance with ¶ 35.

    b.    **Deposit of Future Response Costs Payments**. The total amount to be paid by PSDs pursuant to ¶ 34.a (Periodic Bills for Future Response Costs) shall be deposited by EPA in the Ward Transformer Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the EPA Hazardous Substance Superfund, provided, however, that EPA may deposit a Future Response Costs payment directly into the EPA Hazardous Substance Superfund if, at the time the payment is received, EPA estimates that the Ward Transformer Special Account balance is sufficient to address currently anticipated future response actions to be conducted or financed by EPA at or in connection with the Site.

    c.    **Contesting Future Response Costs**. PSDs may submit a Notice of Dispute, initiating the procedures of Section XIV (Dispute Resolution), regarding any Future Response Costs billed under ¶ 34.a (Periodic Bills for Future Response Costs) if they determine that EPA has made a mathematical error or included a cost item that is not within the definition of Future Response Costs, or if they believe EPA incurred excess costs as a direct result of an EPA action that was inconsistent with a specific provision or provisions of the NCP. Such Notice

of Dispute shall be submitted in writing within 30 days after receipt of the bill and must be sent to the United States pursuant to Section XXI (Notices and Submissions). Such Notice of Dispute shall specifically identify the contested Future Response Costs and the basis for objection. If PSDs submit a Notice of Dispute, PSDs shall within the 30-day period, also as a requirement for initiating the dispute, (a) pay all uncontested Future Response Costs to the United States, and (b) establish, in a duly chartered bank or trust company, an interest-bearing escrow account that is insured by the Federal Deposit Insurance Corporation ("FDIC"), and remit to that escrow account funds equivalent to the amount of the contested Future Response Costs. PSDs shall send to the United States, as provided in Section XXI (Notices and Submissions), a copy of the transmittal letter and check paying the uncontested Future Response Costs, and a copy of the correspondence that establishes and funds the escrow account, including, but not limited to, information containing the identity of the bank and bank account under which the escrow account is established as well as a bank statement showing the initial balance of the escrow account. If the United States prevails in the dispute, PSDs shall pay the sums due (with accrued interest) to the United States within 7 days after the resolution of the dispute. If PSDs prevail concerning any aspect of the contested costs, PSDs shall pay that portion of the costs (plus associated accrued interest) for which they did not prevail to the United States within 7 days after the resolution of the dispute. PSDs shall be disbursed any balance of the escrow account. All payments to the United States under this Paragraph shall be made in accordance with ¶ 35.a. The dispute resolution procedures set forth in this Paragraph in conjunction with the procedures set forth in Section XIV (Dispute Resolution) shall be the exclusive mechanisms for resolving disputes regarding PSDs' obligation to reimburse the United States for its Future Response Costs.

           d.      **Interest**. In the event that any payment for Future Response Costs required under this Section is not made by the date required, PSDs shall pay Interest on the unpaid balance. The Interest on Future Response Costs shall begin to accrue on the date of the bill. The Interest shall accrue through the date of PSDs' payment. Payments of Interest made under this Paragraph shall be in addition to such other remedies or sanctions available to Plaintiff by virtue of PSDs' failure to make timely payments under this Section including, but not limited to, payment of stipulated penalties pursuant to ¶ 58 (Stipulated Penalty Amounts – Work).

           e.      Future Response Costs, if not inconsistent with the NCP, may be submitted by PSDs to the Trust for payment.

        35.    **Payment Instructions**.

           a.      The Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of North Carolina shall provide PSDs and Carr & Duff, Inc., in accordance with ¶ 102, with instructions regarding making payments to DOJ on behalf of EPA. The instructions must include a Consolidated Debt Collection System ("CDCS") number to identify payments made under this CD.

           b.      All payments subject to this ¶ 35 shall be made by Fedwire Electronic Funds Transfer ("EFT") to the U.S. DOJ account, in accordance with the instructions provided under ¶ 35.a, and including references to the CDCS Number, Site/Spill ID Number A4S4, and DJ Number 90-11-2-07152/2. The Fedwire EFT payment must be sent as follows:

Federal Reserve Bank of New York
ABA = 021030004
Account = 68010727
SWIFT address = FRNYUS33
33 Liberty Street
New York NY 10045
Field Tag 4200 of the Fedwire message should read
"D 68010727 Environmental Protection Agency"

c.    For all payments required to be made in accordance with this ¶ 35, PSDs or Carr & Duff, Inc., as applicable, shall send notices that payment has been made to the United States, EPA, and the EPA Cincinnati Finance Center, all in accordance with ¶ 102. All notices must include references to the Site/Spill ID and DJ numbers.

## XI. DISBURSEMENT OF SPECIAL ACCOUNT FUNDS

36.    **Creation of Ward Transformer Disbursement Special Account and Agreement to Disburse Funds to PSDs**. Within 30 days after the Effective Date, EPA shall establish the Ward Transformer Disbursement Special Account and shall transfer $405,000 from the Ward Transformer Special Account to the Ward Transformer Disbursement Special Account. Subject to the terms and conditions set forth in this Section, EPA agrees to make the funds in the Ward Transformer Disbursement Special Account, including Interest Earned on the funds in the Ward Transformer Disbursement Special Account, available for disbursement to PSDs as partial reimbursement for performance of the Work. EPA shall disburse funds by wire transfer from the Ward Transformer Disbursement Special Account to the Trust in accordance with the procedures and milestones for phased disbursement set forth in this Section.

37.    **Timing, Amount, and Method of Disbursing Funds From the Ward Transformer Disbursement Special Account**. Within 30 days after EPA's receipt of a Cost Summary and Certification, as defined by ¶ 38.b, or if EPA has requested additional information under ¶ 38.b or a revised Cost Summary and Certification under ¶ 38.c, within 15 days after receipt of the additional information or revised Cost Summary and Certification, and subject to the conditions set forth in this Section, EPA shall disburse the funds from the Ward Transformer Disbursement Special Account at the completion of the following milestones, and in the amounts set forth below:

| Milestone | Disbursement of Funds |
| --- | --- |
| EPA approval of RA Work Plan | 35% of funds in the Ward Transformer Disbursement Special Account |
| PSDs' expenditure of $3,700,000 on Work, excluding costs set forth in ¶ 39 (Costs Excluded from Disbursement) | Remainder of funds in the Ward Transformer Disbursement Special Account |

EPA shall disburse the funds from the Ward Transformer Disbursement Special Account to PSDs by mailing a check, payable to "Ward Superfund OU1 Trust Fund," to:

> Thomas G. Claassen CPA, ABV, CFE
> Shareholder
> Schneider Downs & Co., Inc.
> One PPG Place, Suite 1700
> Pittsburgh, PA 15222

Payments for any future assessments may also be made via wire transfer. The Financial Trustee will distribute wire transfer instructions to EPA within sixty (60) days of the Effective Date.

38.     **Requests for Disbursement of Special Account Funds**.

a.      Within 5 days after issuance of EPA's written confirmation from the EPA Project Coordinator that a milestone of the Work, as defined in ¶ 37 (Timing, Amount, and Method of Disbursing Funds), has been satisfactorily completed, PSDs shall submit to EPA a Cost Summary and Certification, as defined in ¶ 38.b, covering the Work performed up to the date of completion of that milestone. PSDs shall not include in any submission costs included in a previous Cost Summary and Certification following completion of an earlier milestone of the Work if those costs have been previously sought or reimbursed pursuant to ¶ 37.

b.      Each Cost Summary and Certification shall include a complete and accurate written cost summary and certification of the necessary costs incurred and paid by PSDs for the Work covered by the particular submission, excluding costs not eligible for disbursement under ¶ 39 (Costs Excluded from Disbursement). Each Cost Summary and Certification shall contain the following statement signed by an independent certified public accountant or other specified independent person acceptable to EPA:

> To the best of my knowledge, after thorough investigation and review of PSDs' documentation of costs incurred and paid for Work performed pursuant to this CD up to the date of completion of milestone __, I certify that the information contained in or accompanying this submission is true, accurate, and complete. I am aware that there are significant penalties for knowingly submitting false information, including the possibility of fine and imprisonment.

The independent certified public accountant or other specified independent person acceptable to EPA shall also provide EPA a list of the documents that he or she reviewed in support of the Cost Summary and Certification. Upon request by EPA, PSDs shall submit to EPA any additional information that EPA deems necessary for its review and approval of a Cost Summary and Certification.

c.      If EPA finds that a Cost Summary and Certification includes a mathematical error, costs excluded under ¶ 39 (Costs Excluded from Disbursement), costs that are inadequately documented, or costs submitted in a prior Cost Summary and Certification, it will notify PSDs and provide them an opportunity to cure the deficiency by submitting a revised Cost Summary and Certification. If PSDs fail to cure the deficiency within 30 days after being notified of, and given the opportunity to cure, the deficiency, EPA will recalculate PSDs' costs eligible for disbursement for that submission and disburse the corrected amount to PSDs in

21

accordance with the procedures in ¶ 37 (Timing, Amount, and Method of Disbursing Funds). PSDs may dispute EPA's recalculation under this Paragraph pursuant to Section XIV (Dispute Resolution). In no event shall PSDs be disbursed funds from the Ward Transformer Disbursement Special Account in excess of amounts properly documented in a Cost Summary and Certification accepted or modified by EPA.

39.     **Costs Excluded from Disbursement**. The following costs are excluded from, and shall not be sought by PSDs for, disbursement from the Ward Transformer Disbursement Special Account: (a) response costs paid pursuant to Section X (Payments for Response Costs and Civil Penalties); (b) any other payments made by PSDs to the United States pursuant to this CD, including, but not limited to, any Interest or stipulated penalties paid pursuant to Section X (Payments for Response Costs and Civil Penalties) or XV (Stipulated Penalties); (c) attorneys' fees and costs, except for reasonable attorneys' fees and costs necessarily related to any obligations under the CD for which legal services are essential, such as obtaining access or institutional controls as required by Section VIII (Property Requirements); (d) costs of any response activities PSDs perform that are not required under, or approved by EPA pursuant to, this CD; (e) costs related to PSDs' litigation, settlement, development of potential contribution claims, or identification of defendants; (f) internal costs of PSDs, including but not limited to, salaries, travel, or in-kind services, except for those costs that represent the work of employees of PSDs directly performing the Work; (g) any costs incurred by PSDs prior to the Effective Date or (h) any costs incurred by PSDs pursuant to Section XIV (Dispute Resolution).

40.     **Termination of Disbursements from the Special Account**. EPA's obligation to disburse funds from the Ward Transformer Disbursement Special Account under this CD shall terminate upon EPA's determination that PSDs: (a) have knowingly submitted a materially false or misleading Cost Summary and Certification; (b) have submitted a materially inaccurate or incomplete Cost Summary and Certification, and have failed to correct the materially inaccurate or incomplete Cost Summary and Certification within 30 days after being notified of, and given the opportunity to cure, the deficiency; or (c) failed to submit a Cost Summary and Certification as required by ¶ 38 (Requests for Disbursement of Special Account Funds) within 30 days (or such longer period as EPA agrees) after being notified that EPA intends to terminate its obligation to make disbursements pursuant to this Section because of PSDs' failure to submit the Cost Summary and Certification as required by ¶ 38. EPA's obligation to disburse funds from the Ward Transformer Disbursement Special Account shall also terminate upon EPA's assumption of performance of any portion of the Work pursuant to ¶ 78 (Work Takeover), when such assumption of performance of the Work is not challenged by PSDs or, if challenged, is upheld under Section XIV (Dispute Resolution). PSDs may dispute EPA's termination of special account disbursements under Section XIV.

41.     **Recapture of Special Account Disbursements**. Upon termination of disbursements from the Ward Transformer Disbursement Special Account under ¶ 40 (Termination of Disbursements from the Special Account), if EPA has previously disbursed funds from the Ward Transformer Disbursement Special Account for activities specifically related to the reason for termination, e.g., discovery of a materially false or misleading submission after disbursement of funds based on that submission, EPA shall submit a bill to PSDs for those amounts already disbursed from the Ward Transformer Disbursement Special Account specifically related to the reason for termination, plus Interest on that amount covering the period from the date of disbursement of the funds by EPA to the date of repayment of the

funds by PSDs. Within 30 days after receipt of EPA's bill, PSDs shall reimburse the EPA Hazardous Substance Superfund for the total amount billed. Payment shall be made in accordance with ¶ 35.a. Upon receipt of payment, EPA may deposit all or any portion thereof in the Ward Transformer Special Account, the Ward Transformer Disbursement Special Account, or the EPA Hazardous Substance Superfund. The determination of where to deposit or how to use the funds shall not be subject to challenge by PSDs pursuant to the dispute resolution provisions of this CD or in any other forum. PSDs may dispute EPA's determination as to recapture of funds pursuant to Section XIV (Dispute Resolution).

42.     **Balance of Special Account Funds**. After EPA issues its written Certification of RA Completion pursuant to this CD, and after EPA completes all disbursement to PSDs in accordance with this Section, if any funds remain in the Ward Transformer Disbursement Special Account, EPA may transfer such funds to the Ward Transformer Special Account or to the EPA Hazardous Substance Superfund. Any transfer of funds to the Ward Transformer Special Account or the EPA Hazardous Substance Superfund shall not be subject to challenge by PSDs pursuant to the dispute resolution provisions of this CD or in any other forum.

## XII.   INDEMNIFICATION AND INSURANCE

43.     **PSDs' Indemnification of the United States**.

        a.      The United States does not assume any liability by entering into this CD or by virtue of any designation of PSDs as EPA's authorized representatives under Section 104(e) of CERCLA, 42 U.S.C. § 9604(e). PSDs shall indemnify, save, and hold harmless the United States and its officials, agents, employees, contractors, subcontractors, and representatives for or from any and all claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of PSDs, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on PSDs' behalf or under their control, in carrying out activities pursuant to this CD, including, but not limited to, any claims arising from any designation of PSDs as EPA's authorized representatives under Section 104(e) of CERCLA. Further, PSDs agree to pay the United States all costs it incurs including, but not limited to, attorneys' fees and other expenses of litigation and settlement arising from, or on account of, claims made against the United States based on negligent or other wrongful acts or omissions of PSDs, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control, in carrying out activities pursuant to this CD. The United States shall not be held out as a party to any contract entered into by or on behalf of PSDs in carrying out activities pursuant to this CD. Neither PSDs nor any such contractor shall be considered an agent of the United States.

        b.      The United States shall give PSDs notice of any claim for which the United States plans to seek indemnification pursuant to this ¶ 43, and shall consult with PSDs prior to settling such claim. Any dispute over a claim by the United States for indemnification shall be resolved pursuant to the dispute resolution procedures set forth in Section XIV (Dispute Resolution).

44.     PSDs covenant not to sue and agree not to assert any claims or causes of action against the United States for damages or reimbursement or for set-off of any payments made or to be made to the United States, arising from or on account of any contract, agreement, or

arrangement between any one or more of PSDs and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays. In addition, PSDs shall indemnify, save and hold harmless the United States with respect to any and all claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any one or more of PSDs and any person for performance of Work on or relating to the Site, including, but not limited to, claims on account of construction delays.

45. **Insurance**. No later than 15 days before commencing any on-Site Work, PSDs shall secure, and shall maintain until the first anniversary after issuance of EPA's Certification of RA Completion pursuant to Section V, Task II, ¶ D.1 (Remedial Action Report) of the SOW commercial general liability insurance with limits of $2,000,000, for any one occurrence, and automobile liability insurance with limits of $2,000,000, combined single limit, naming the United States as an additional insured with respect to all liability arising out of the activities performed by or on behalf of PSDs pursuant to this CD. In addition, for the duration of this CD, PSDs shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of PSDs in furtherance of this CD. Prior to commencement of the Work, PSDs shall provide to EPA certificates of such insurance and a copy of each insurance policy. PSDs shall resubmit such certificates and copies of policies each year on the anniversary of the Effective Date. If PSDs demonstrate by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering the same risks but in a lesser amount, then, with respect to that contractor or subcontractor, PSDs need provide only that portion of the insurance described above that is not maintained by the contractor or subcontractor.

## XIII.  FORCE MAJEURE

46. "Force majeure," for purposes of this CD, is defined as any event arising from causes beyond the control of PSDs, of any entity controlled by PSDs, or of PSDs' contractors that delays or prevents the performance of any obligation under this CD despite PSDs' best efforts to fulfill the obligation. The requirement that PSDs exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring and (b) following the potential force majeure such that the delay and any adverse effects of the delay are minimized to the greatest extent possible. "Force majeure" does not include financial inability to complete the Work or a failure to achieve the Performance Standards.

47. If any event occurs or has occurred that may delay the performance of any obligation under this CD for which PSDs intend or may intend to assert a claim of force majeure, PSDs shall notify EPA's Project Coordinator orally or, in his or her absence, EPA's Alternate Project Coordinator or, in the event both of EPA's designated representatives are unavailable, the Director of the Superfund Division, EPA Region 4, within 5 days of when PSDs first knew that the event might cause a delay. Within 7 days thereafter, PSDs shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; PSDs' rationale for attributing such delay to a force majeure; and a statement as to whether, in the opinion of PSDs, such event may cause or contribute to an endangerment to public health or

welfare, or the environment. PSDs shall include with any notice all available documentation supporting their claim that the delay was attributable to a force majeure. PSDs shall be deemed to know of any circumstance of which PSDs, any entity controlled by PSDs, or PSDs' contractors or subcontractors knew or should have known. Failure to comply with the above requirements regarding an event shall preclude PSDs from asserting any claim of force majeure regarding that event, provided, however, that if EPA, despite the late or incomplete notice, is able to assess to its satisfaction whether the event is a force majeure under ¶ 46 and whether PSDs have exercised their best efforts under ¶ 46, EPA may, in its unreviewable discretion, excuse in writing PSDs' failure to submit timely or complete notices under this Paragraph.

48.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure, the time for performance of the obligations under this CD that are affected by the force majeure will be extended by EPA for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure shall not, of itself, extend the time for performance of any other obligation. If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure, EPA will notify PSDs in writing of its decision. If EPA agrees that the delay is attributable to a force majeure, EPA will notify PSDs in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure.

49.     If PSDs elect to invoke the dispute resolution procedures set forth in Section XIV (Dispute Resolution) regarding EPA's decision, they shall do so no later than 15 days after receipt of EPA's notice. In any such proceeding, PSDs shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that PSDs complied with the requirements of ¶¶ 46 and 47. If PSDs carry this burden, the delay at issue shall be deemed not to be a violation by PSDs of the affected obligation of this CD identified to EPA and the Court.

50.     The failure by EPA to timely complete any obligation under the CD or under the SOW is not a violation of the CD, provided, however, that if such failure prevents PSDs from meeting one or more deadlines in the SOW, PSDs may seek relief under this Section.

## XIV.  DISPUTE RESOLUTION

51.     Unless otherwise expressly provided for in this CD, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes regarding this CD. However, the procedures set forth in this Section shall not apply to actions by the United States to enforce obligations of PSDs that have not been disputed in accordance with this Section.

52.     A dispute shall be considered to have arisen when one party sends the other parties a written Notice of Dispute. Any dispute regarding this CD shall in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal negotiations shall not exceed 20 days from the time the dispute arises, unless it is modified by written agreement of the parties to the dispute.

53.    **Statements of Position**.

a.    In the event that the parties cannot resolve a dispute by informal negotiations under the preceding Paragraph, then the position advanced by EPA shall be considered binding unless, within 30 days after the conclusion of the informal negotiation period, the PSDs and, where applicable, Cashout Settling Defendants invoke the formal dispute resolution procedures of this Section by serving on the United States a written Statement of Position on the matter in dispute, including, but not limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the PSDs and, where applicable, Cashout Settling Defendants. The Statement of Position shall specify the PSDs' and, where applicable, Cashout Settling Defendants' position as to whether formal dispute resolution should proceed under ¶¶ 54 (Record Review) or 55.

b.    Within 15 days after receipt of the PSDs' and, where applicable, Cashout Settling Defendants' Statement of Position, EPA will serve on the PSDs and, where applicable, Cashout Settling Defendants its Statement of Position, including, but not limited to, any factual data, analysis, or opinion supporting that position and all supporting documentation relied upon by EPA. EPA's Statement of Position shall include a statement as to whether formal dispute resolution should proceed under ¶¶ 54 (Record Review) or 55. Within 15 days after receipt of EPA's Statement of Position, the PSDs and, where applicable, Cashout Settling Defendants may submit a reply.

c.    If there is disagreement between EPA and the PSDs and, where applicable, Cashout Settling Defendants as to whether dispute resolution should proceed under ¶¶ 54 (Record Review) or 55, the parties to the dispute shall follow the procedures set forth in the Paragraph determined by EPA to be applicable. However, if PSDs and, where applicable, Cashout Settling Defendants ultimately appeal to the Court to resolve the dispute, the Court shall determine which Paragraph is applicable in accordance with the standards of applicability set forth in ¶¶ 54 and 55.

54.    **Record Review**. Formal dispute resolution for disputes pertaining to the selection or adequacy of any response action and all other disputes that are accorded review on the administrative record under applicable principles of administrative law shall be conducted pursuant to the procedures set forth in this Paragraph. For purposes of this Paragraph, the adequacy of any response action includes, without limitation, the adequacy or appropriateness of plans, procedures to implement plans, or any other items requiring approval by EPA under this CD, and the adequacy of the performance of response actions taken pursuant to this CD. Nothing in this CD shall be construed to allow any dispute by PSDs and, where applicable, Cashout Settling Defendants regarding the validity of the OU1 ROD's provisions.

a.    An administrative record of the dispute shall be maintained by EPA and shall contain all statements of position, including supporting documentation, submitted pursuant to this Section. Where appropriate, EPA may allow submission of supplemental statements of position by the parties to the dispute.

b.    The Director of the Superfund Division, EPA Region 4, will issue a final administrative decision resolving the dispute based on the administrative record described in ¶ 54.a. This decision shall be binding upon PSDs and, where applicable, Cashout Settling Defendants, subject only to the right to seek judicial review pursuant to ¶¶ 54.c and 54.d.

c.     Any administrative decision made by EPA pursuant to ¶ 54.b shall be reviewable by this Court, provided that a motion for judicial review of the decision is filed by PSDs and, where applicable, Cashout Settling Defendants with the Court and served on all Parties within 10 days after receipt of EPA's decision. The motion shall include a description of the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of this CD. The United States may file a response to PSDs' and, where applicable, Cashout Settling Defendants' motion.

d.     In proceedings on any dispute governed by this Paragraph, PSDs and, where applicable, Cashout Settling Defendants shall have the burden of demonstrating that the decision of the Superfund Division Director is arbitrary and capricious or otherwise not in accordance with law. Judicial review of EPA's decision shall be on the administrative record compiled pursuant to ¶ 54.a.

55.     Formal dispute resolution for disputes that neither pertain to the selection or adequacy of any response action nor are otherwise accorded review on the administrative record under applicable principles of administrative law, shall be governed by this Paragraph.

a.     The Director of the Superfund Division, EPA Region 4, will issue a final decision resolving the dispute based on the statements of position and reply, if any, served under ¶ 53. The Superfund Division Director's decision shall be binding on PSDs and, where applicable, Cashout Settling Defendants unless, within 10 days after receipt of the decision, PSDs and, where applicable, Cashout Settling Defendants file with the Court and serve on the parties a motion for judicial review of the decision setting forth the matter in dispute, the efforts made by the parties to resolve it, the relief requested, and the schedule, if any, within which the dispute must be resolved to ensure orderly implementation of the CD. The United States may file a response to PSDs' and, where applicable, Cashout Settling Defendants' motion.

b.     Notwithstanding ¶ O (CERCLA § 113(j) record review of OU1 ROD and Work) of Section I (Background), judicial review of any dispute governed by this Paragraph shall be governed by applicable principles of law.

56.     The invocation of formal dispute resolution procedures under this Section does not extend, postpone, or affect in any way any obligation of PSDs and, where applicable, Cashout Settling Defendants under this CD, except as provided in ¶ 34.c (Contesting Future Response Costs), as agreed by EPA, or as determined by the Court. Stipulated penalties with respect to the disputed matter shall continue to accrue, but payment shall be stayed pending resolution of the dispute, as provided in ¶ 64. Notwithstanding the stay of payment, stipulated penalties shall accrue from the first day of noncompliance with any applicable provision of this CD. In the event that PSDs and, where applicable, Cashout Settling Defendants do not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section XV (Stipulated Penalties).

## XV.   STIPULATED PENALTIES

57.     PSDs shall be liable for stipulated penalties in the amounts set forth in ¶¶ 58 and 59 to the United States for failure to comply with the requirements of this CD specified below, unless excused under Section XIII (Force Majeure). "Compliance" by PSDs shall include

completion of all activities and obligations, including payments, required under this CD, or any deliverable approved under this CD, in accordance with all applicable requirements of law, this CD, the SOW, and any deliverables approved under this CD and within the specified time schedules established by and approved under this CD.

58. **Stipulated Penalty Amounts - Work (Including Payments of Future Response Costs and Excluding Deliverables) and Payment of Civil Penalties by Carr & Duff, Inc.**

a. The following stipulated penalties shall accrue per violation per day for any noncompliance identified in ¶ 58.b:

| Period of Noncompliance | Penalty Per Violation Per Day |
|---|---|
| 1st through 14th day | $2000 |
| 15th through 30th day | $2500 |
| 31st day and beyond | $3000 |

b. **Compliance Milestones**.

(1) Failure to timely or adequately submit a draft, modified or final:

(a) RD Work Plan

(b) Prefinal (90%)/Final Design

(c) RA Work Plan

(d) Final Construction Report

(e) Performance Standards Verification Plan

(f) Proof of Insurance

(2) Failure to establish or maintain financial assurance in compliance with the timelines and other substantive and procedural requirements of Section IX (Financial Assurance).

(3) Failure to timely pay Future Response Costs as required by ¶ 34.

(4) Failure to timely pay civil penalties as required by ¶ 33 (applicable only to Settling Repair Defendant Carr & Duff, Inc.).

59. **Stipulated Penalty Amounts - Deliverables**.

a. **Material Defects**. If an initially submitted or resubmitted deliverable contains a material defect, and the deliverable is disapproved or modified by EPA under Section V (Planning and Deliverables) of the SOW due to such material defect, then the material defect shall constitute a lack of compliance for purposes of ¶ 57. The provisions of Section XIV (Dispute Resolution) and Section XV (Stipulated Penalties) shall govern the accrual and payment of any stipulated penalties regarding PSDs' submissions under this CD.

b. The following stipulated penalties shall accrue per violation per day for failure to submit timely or adequate deliverables pursuant to the CD:

| Period of Noncompliance | Penalty Per Violation Per Day |
|---|---|
| 1st through 14th day | $1000 |
| 15th through 30th day | $1500 |
| 31st day and beyond | $2000 |

60.    In the event that EPA assumes performance of a portion or all of the Work pursuant to ¶ 78 (Work Takeover), PSDs shall be liable for a stipulated penalty in the amount of $500,000. Stipulated penalties under this Paragraph are in addition to the remedies available under ¶¶ 29 (Access to Financial Assurance) and 78 (Work Takeover).

61.    All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity. However, stipulated penalties shall not accrue: (a) with respect to a deficient submission under Section V (Planning and Deliverables) of the SOW, during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies PSDs of any deficiency; (b) with respect to a decision by the Director of the Superfund Division, EPA Region 4, under ¶¶ 54.b or 55.a of Section XIV (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that PSDs' reply to EPA's Statement of Position is received until the date that the Director issues a final decision regarding such dispute; or (c) with respect to judicial review by this Court of any dispute under Section XIV (Dispute Resolution), during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute. Nothing in this CD shall prevent the simultaneous accrual of separate penalties for separate violations of this CD.

62.    Following EPA's determination that PSDs have failed to comply with a requirement of this CD, EPA may give PSDs written notification of the same and describe the noncompliance. EPA may send PSDs a written demand for payment of the penalties. However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA has notified PSDs of a violation.

63.    All penalties accruing under this Section shall be due and payable to the United States within 30 days after PSDs' receipt from EPA of a demand for payment of the penalties, unless PSDs invoke the Dispute Resolution procedures under Section XIV (Dispute Resolution) within the 30-day period. All payments to the United States under this Section shall indicate that the payment is for stipulated penalties and shall be made in accordance with ¶ 35.a.

64.    Penalties shall continue to accrue as provided in ¶ 61 during any dispute resolution period, but need not be paid until the following:

a.    If the dispute is resolved by agreement of the parties or by a decision of EPA that is not appealed to this Court, accrued penalties determined to be owed shall be paid to EPA within 15 days after the agreement or the receipt of EPA's decision or order;

b.    If the dispute is appealed to this Court and the United States prevails in whole or in part, PSDs shall pay all accrued penalties determined by the Court to be owed to EPA within 60 days after receipt of the Court's decision or order, except as provided in ¶ 64.c;

c.       If the District Court's decision is appealed by any Party, PSDs shall pay all accrued penalties determined by the District Court to be owed to the United States into an interest-bearing escrow account, established at a duly chartered bank or trust company that is insured by the FDIC, within 60 days after receipt of the Court's decision or order. Penalties shall be paid into this account as they continue to accrue, at least every 60 days. Within 15 days after receipt of the final appellate court decision, the escrow agent shall pay the balance of the account to EPA or to PSDs to the extent that they prevail.

65.       If PSDs fail to pay stipulated penalties when due, PSDs shall pay Interest on the unpaid stipulated penalties as follows: (a) if PSDs have timely invoked dispute resolution such that the obligation to pay stipulated penalties has been stayed pending the outcome of dispute resolution, Interest shall accrue from the date stipulated penalties are due pursuant to ¶ 64 until the date of payment; and (b) if PSDs fail to timely invoke dispute resolution, Interest shall accrue from the date of the demand under ¶ 63 until the date of payment. If PSDs fail to pay stipulated penalties and Interest when due, the United States may institute proceedings to collect the penalties and Interest.

66.       The payment of penalties and Interest, if any, shall not alter in any way PSDs' obligation to complete the performance of the Work required under this CD.

67.       Nothing in this CD shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanctions available by virtue of PSDs' violation of this CD or of the statutes and regulations upon which it is based, including, but not limited to, penalties pursuant to Section 122(*l*) of CERCLA, 42 U.S.C. § 9622(*l*), provided, however, that the United States shall not seek civil penalties pursuant to Section 122(*l*) of CERCLA for any violation for which a stipulated penalty is provided in this CD, except in the case of a willful violation of this CD.

68.       Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued pursuant to this CD.

## XVI.   COVENANTS BY PLAINTIFF

69.       **Covenants for PSDs by United States**.

Except as provided in ¶¶ 74, 75 (United States' Pre- and Post-Certification Reservations), and 77 (General Reservations of Rights), the United States covenants not to sue or to take administrative action against PSDs pursuant to Sections 106 and 107(a) of CERCLA relating to the Site. Except with respect to future liability, these covenants shall take effect upon the Effective Date. With respect to future liability, these covenants shall take effect upon Certification of RA Completion by EPA pursuant to Section V, Task II, ¶ D.1 (Remedial Action Report) of the SOW. These covenants are conditioned upon the satisfactory performance by PSDs of their obligations under this CD. These covenants extend only to PSDs and do not extend to any other person.

70.       **Covenants for Cashout Settling Defendants by United States**.

Except as provided in ¶¶ 74, 75 (United States' Pre- and Post-Certification Reservations), and 77 (General Reservations of Rights), the United States covenants not to sue or to take

administrative action against Cashout Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA relating to the Site. These covenants shall take effect upon the Effective Date. These covenants extend only to Cashout Settling Defendants and do not extend to any other person.

71.     **Covenants for Sales-Only Cashout Settling Defendants by United States**.

Except as provided in ¶ 77 (General Reservations of Rights), the United States covenants not to sue or to take administrative action against Sales-Only Cashout Settling Defendants pursuant to Sections 106 and 107(a) of CERCLA relating to the Site. These covenants shall take effect upon the Effective Date. These covenants extend only to Sales-Only Cashout Settling Defendants and do not extend to any other person.

72.     **Covenants for Cashout Settling Federal Agencies**.

Except as provided in ¶¶ 74, 75 (United States' Pre- and Post-Certification Reservations), and 77 (General Reservations of Rights), EPA covenants not to take administrative action against Cashout Settling Federal Agencies pursuant to Sections 106 and 107(a) of CERCLA relating to the Site. These covenants shall take effect upon the Effective Date. These covenants extend only to Cashout Settling Federal Agencies and do not extend to any other person.

73.     **Covenants for Sales-Only Cashout Settling Federal Agency**.

Except as provided in ¶ 77 (General Reservations of Rights), EPA covenants not to take administrative action against Sales-Only Cashout Settling Federal Agency pursuant to Sections 106 and 107(a) of CERCLA relating to the Site. These covenants shall take effect upon the Effective Date. These covenants extend only to Sales-Only Cashout Settling Federal Agency and do not extend to any other person.

74.     **United States' Pre-Certification Reservations**. Notwithstanding any other provision of this CD, the United States reserves, and this CD is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel PSDs and Cashout Settling Defendants, and EPA reserves the right to issue an administrative order seeking to compel Cashout Settling Federal Agencies, to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if, (a) prior to Certification of RA Completion, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and (b) EPA determines that these previously unknown conditions or information together with other relevant information indicates that the RA is not protective of human health or the environment.

75.     **United States' Post-Certification Reservations**. Notwithstanding any other provision of this CD, the United States reserves, and this CD is without prejudice to, the right to institute proceedings in this action or in a new action, and/or to issue an administrative order, seeking to compel PSDs and Cashout Settling Defendants, and EPA reserves the right to issue an administrative order seeking to compel Cashout Settling Federal Agencies, to perform further response actions relating to the Site and/or to pay the United States for additional costs of response if, (a) subsequent to Certification of RA Completion, (1) conditions at the Site, previously unknown to EPA, are discovered, or (2) information, previously unknown to EPA, is received, in whole or in part, and (b) EPA determines that these previously unknown conditions

or this information together with other relevant information indicate that the RA is not protective of human health or the environment.

76.     For purposes of ¶ 74 (United States' Pre-Certification Reservations), the information and the conditions known to EPA will include only that information and those conditions known to EPA as of November 24, 2015, the date that certain UAO Parties submitted a report entitled "Annual Status Update, November 2015, Ward Transformer OU1 Superfund Site, Raleigh, North Carolina" to EPA. For purposes of ¶ 75 (United States' Post-Certification Reservations), the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of RA Completion and set forth in the OU1 ROD, the administrative record supporting the OU1 ROD, the post-OU1 ROD administrative record, or in any information received by EPA pursuant to the requirements of this CD prior to Certification of RA Completion.

77.     **General Reservations of Rights**.

        a.      **Reservations of Rights Against All SDs and SFAs**. The United States reserves, and this CD is without prejudice to, all rights against SDs, and EPA and the federal natural resource trustees reserve, and this CD is without prejudice to, all rights against SFAs, with respect to all matters not expressly included within Plaintiff's covenants. Notwithstanding any other provision of this CD, the United States reserves all rights against SDs, and EPA and the federal natural resource trustees reserve all rights against SFAs, with respect to:

                (1)     liability for failure by SDs or SFAs to meet a requirement of this CD applicable to them;

                (2)     liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site;

                (3)     liability based on the ownership of the Site by SDs or SFAs when such ownership commences after signature of this CD by SDs or SFAs;

                (4)     liability based on the operation of the Site by SDs when such operation commences after signature of this CD by SDs and does not arise solely from PSDs' performance of the Work and liability based on the operation of the Site by SFAs when such operation commences after signature of this CD by SFAs;

                (5)     liability based on SDs' transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, other than as provided in the OU1 ROD, the Work, or otherwise ordered by EPA, after signature of this CD by SDs;

                (6)     liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

                (7)     criminal liability.

        b.      **Additional Reservation of Rights Against PSDs**. Notwithstanding any other provision of this CD, the United States reserves all rights against PSDs with respect to

32

liability for violations of federal or state law that occur during or after implementation of the Work.

   c. **Additional Reservations of Rights Against OU2 RI/FS AOC Parties**. Notwithstanding any other provision of this CD, the United States reserves all rights against Consol, Duke, and PCS, and EPA reserves all rights against SFAs, with respect to the payment of response costs pursuant to Section XVIII of the OU2 RI/FS AOC.

   78. **Work Takeover**.

   a. In the event EPA determines that PSDs: (1) have ceased implementation of any portion of the Work; (2) are seriously or repeatedly deficient or late in their performance of the Work; or (3) are implementing the Work in a manner that may cause an endangerment to human health or the environment, EPA may issue a written notice ("Work Takeover Notice") to PSDs. Any Work Takeover Notice issued by EPA will specify the grounds upon which such notice was issued and will provide PSDs a period of 10 days within which to remedy the circumstances giving rise to EPA's issuance of such notice.

   b. If, after expiration of the 10-day notice period specified in ¶ 78.a, PSDs have not remedied to EPA's satisfaction the circumstances giving rise to EPA's issuance of the relevant Work Takeover Notice, EPA may at any time thereafter assume the performance of all or any portion(s) of the Work as EPA deems necessary ("Work Takeover"). EPA will notify PSDs in writing (which writing may be electronic) if EPA determines that implementation of a Work Takeover is warranted under this ¶ 78.b. Funding of Work Takeover costs is addressed under ¶ 29 (Access to Financial Assurance).

   c. PSDs may invoke the procedures set forth in ¶ 54 (Record Review), to dispute EPA's implementation of a Work Takeover under ¶ 78.b. However, notwithstanding PSDs' invocation of such dispute resolution procedures, and during the pendency of any such dispute, EPA may in its sole discretion commence and continue a Work Takeover under ¶ 78.b until the earlier of (1) the date that PSDs remedy, to EPA's satisfaction, the circumstances giving rise to EPA's issuance of the relevant Work Takeover Notice, or (2) the date that a final decision is rendered in accordance with ¶ 54 (Record Review) requiring EPA to terminate such Work Takeover.

   79. Notwithstanding any other provision of this CD, the United States retains all authority and reserves all rights to take any and all response actions authorized by law.

## XVII. COVENANTS BY SDs AND SFAs

   80. **Covenants by SDs**. Subject to the reservations in ¶ 83, SDs covenant not to sue and agree not to assert any claims or causes of action against the United States with respect to the Site, and this CD, including, but not limited to:

   a. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund through CERCLA §§ 106(b)(2), 107, 111, 112 or 113, or any other provision of law;

   b. any claims under CERCLA §§ 107 or 113, RCRA Section 7002(a), 42 U.S.C. § 6972(a), or state law regarding the Site and this CD; or

c.  any claims arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the North Carolina Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law.

d.  any direct or indirect claim for disbursement from the Ward Transformer Special Account or Ward Transformer Disbursement Special Account, except as provided in Section XI (Disbursement of Special Account Funds).

81.  **Covenant by SFAs**. SFAs agree not to assert any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund through CERCLA §§ 106(b)(2), 107, 111, 112, or 113, or any other provision of law with respect to the Site and this CD. This covenant does not preclude demand for reimbursement from the Superfund of costs incurred by an SFA in the performance of its duties (other than pursuant to this CD) as lead or support agency under the NCP.

82.  Except as provided in ¶¶ 85 (Waiver of Claims by SDs) and 92 (Res Judicata and Other Defenses), the covenants in this Section shall not apply if the United States brings a cause of action or issues an order pursuant to any of the reservations in Section XVI (Covenants by Plaintiff), other than in ¶¶ 77.a(1) (claims for failure to meet a requirement of the CD), 77.a(7) (criminal liability), and 77.b (violations of federal/state law during or after implementation of the Work), but only to the extent that SDs' claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation.

83.  SDs reserve, and this CD is without prejudice to, claims against the United States, subject to the provisions of Chapter 171 of Title 28 of the United States Code, and brought pursuant to any statute other than CERCLA or RCRA and for which the waiver of sovereign immunity is found in a statute other than CERCLA or RCRA, for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States, as that term is defined in 28 U.S.C. § 2671, while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. However, the foregoing shall not include any claim based on EPA's selection of response actions, or the oversight or approval of PSDs' deliverables or activities. SDs also reserve, and this CD is without prejudice to, contribution claims against SFAs in the event any claim is asserted by the United States against SDs pursuant to any of the reservations in Section XVI (Covenants by Plaintiff) other than in ¶¶ 77.a(1) (claims for failure to meet a requirement of the CD), 77.a(7) (criminal liability), and 77.b (violations of federal/state law during or after implementation of the Work), but only to the extent that SDs' claims arise from the same response action, response costs, or damages that the United States is seeking pursuant to the applicable reservation.

84.  Nothing in this CD shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

85.     **Waiver of Claims by SDs**.

a.      SDs agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for the "matters addressed" in this CD, as defined in ¶ 87, against each other or any other person who is a potentially responsible party under CERCLA at the Site, with the exception of Sales-Only Cashout Settling Defendants. With respect to Sales-Only Cashout Settling Defendants, SDs agree not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for response costs relating to the Site against Sales-Only Cashout Settling Defendants. The waivers in this Paragraph shall not apply with respect to any defense, claim, or cause of action that an SD may have against any person if such person asserts a claim or cause of action relating to the Site against such SD.

b.      If the total amount of response costs incurred by the Trust to implement the Work required under this Consent Decree exceeds $5,000,000, the waiver in ¶ 85.a also shall not apply to claims by the Trust for that portion of the response costs incurred by the Trust to implement the Work that are in excess of $5,000,000 against any person who is not an SD or who has not entered into a settlement that resolves its CERCLA liability to the United States in connection with the Site.

c.      **De Micromis Waiver.** Notwithstanding ¶ 85.b, even if the total amount of response costs incurred by the Trust to implement the Work required under this Consent Decree exceeds $5,000,000, SDs agree not to assert any claims and waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that they may have for all matters relating to the Site against any person where the person's liability to SDs with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

d.      **Exceptions to Waiver.** The waiver under ¶ 85.c shall not apply to any claim or cause of action against any person otherwise covered by such waiver if EPA determines that: (i) the materials containing hazardous substances contributed to the Site by such person contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration at the Site; or (ii) such person has failed to comply with any information request or administrative subpoena issued pursuant to Section 104(e) or 122(e)(3)(B) of CERCLA, 42 U.S.C. § 9604(e) or 9622(e)(3)(B), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site; or if (iii) such person has been convicted of a criminal violation for the conduct to which the waiver would apply and that conviction has not been vitiated on appeal or otherwise.

# XVIII. EFFECT OF SETTLEMENT; CONTRIBUTION

86. Except as provided in ¶ 85 (Waiver of Claims by SDs), nothing in this CD shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this CD. Except as provided in Section XVII (Covenants by SDs and SFAs), each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this CD diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

87. The Parties agree, and by entering this CD this Court finds, that this CD constitutes a judicially-approved settlement pursuant to which each SD and each Settling Federal Agency has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this CD. The "matters addressed" in this CD are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, except for the State; provided, however, that if the United States exercises rights against SDs (or if EPA or the federal natural resource trustee asserts rights against SFAs) under the reservations in Section XVI (Covenants by Plaintiff), other than in ¶ 77.a(1) (claims for failure to meet a requirement of the CD), 77.a(7) (criminal liability), or 77.b (violations of federal/state law during or after implementation of the Work), the "matters addressed" in this CD will no longer include those response costs or response actions that are within the scope of the exercised reservation.

88. The Parties further agree, and by entering this CD this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this CD constitutes a judicially-approved settlement pursuant to which each Settling Defendant and each SFA has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

89. Each SD shall, with respect to any suit or claim brought by it for matters related to this CD, notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

90. Each SD shall, with respect to any suit or claim brought against it for matters related to this CD, notify in writing the United States within 10 days after service of the complaint on such SD. In addition, each SD shall notify the United States within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days after receipt of any order from a court setting a case for trial.

91. Upon the Effective Date of this CD, the UAO is terminated as to the UAO Parties.

92. **Res Judicata and Other Defenses**. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, SDs shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XVI (Covenants by Plaintiff).

# XIX.  ACCESS TO INFORMATION

93. PSDs shall provide to EPA, upon request, copies of all records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") within PSDs' possession or control or that of their contractors or agents relating to activities at the Site or to the implementation of this CD, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information regarding the Work. PSDs shall also make available to EPA for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

94. **Privileged and Protected Claims**.

a. PSDs may assert that all or part of a Record requested by Plaintiff is privileged or protected as provided under federal law, in lieu of providing the Record, provided PSDs comply with ¶ 94.b, and except as provided in ¶ 94.c.

b. If PSDs assert a claim of privilege or protection, they shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, of each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, PSDs shall provide the Record to Plaintiff in redacted form to mask the privileged or protected portion only. PSDs shall retain all Records that they claim to be privileged or protected until Plaintiff has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the PSDs' favor.

c. PSDs may make no claim of privilege or protection regarding: (1) any data regarding the Site, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or (2) the portion of any Record that PSDs are required to create or generate pursuant to this CD.

95. **Business Confidential Claims**. PSDs may assert that all or part of a Record provided to Plaintiff under this Section or Section XX (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). PSDs shall segregate and clearly identify all Records or parts thereof submitted under this CD for which PSDs assert business confidentiality claims. Records submitted to EPA determined to be confidential by EPA will be afforded the

protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified PSDs that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such Records without further notice to PSDs.

96.     If relevant to the proceeding, the Parties agree that validated sampling or monitoring data generated in accordance with the SOW and reviewed and approved by EPA shall be admissible as evidence, without objection, in any proceeding under this CD.

97.     Notwithstanding any provision of this CD, Plaintiff retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XX.   RETENTION OF RECORDS

98.     Until 10 years after EPA's Certification of Work Completion under Section V, Task II, ¶ D.1 (Remedial Action Report) of the SOW, each PSD shall preserve and retain all non-identical copies of Records (including Records in electronic form) now in its possession or control or that come into its possession or control that relate in any manner to its liability under CERCLA with respect to the Site, provided, however, that SDs who are potentially liable as owners or operators of the Site must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Site. Each PSD must also retain, and instruct its contractors and agents to preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any Records (including Records in electronic form) now in its possession or control or that come into its possession or control that relate in any manner to the performance of the Work, provided, however, that each PSD (and its contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned Records required to be retained. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

99.     The United States acknowledges that each SFA (a) is subject to all applicable federal record retention laws, regulations, and policies; and (b) has certified that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), and Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

100.    At the conclusion of this record retention period, PSDs shall notify the United States at least 90 days prior to the destruction of any such Records, and, upon request by the United States, and except as provided in ¶ 94 (Privileged and Protected Claims), they shall deliver any such Records to EPA.

101.    Each SD certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed, or otherwise disposed of any Records (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State and that it has fully complied with any and all EPA and State requests for information regarding the Site pursuant to Sections 104(e) and 122(e)(3)(B) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e)(3)(B), and Section 3007 of RCRA, 42 U.S.C. § 6927, and state law.

# XXI. NOTICES AND SUBMISSIONS

102.    All approvals, consents, deliverables, modifications, notices, notifications, objections, proposals, reports, and requests specified in this CD must be in writing unless otherwise specified. Whenever, under this CD, notice is required to be given, or a report or other document is required to be sent, by one Party to another, it must be directed to the person(s) specified below at the addresses specified below. Any Party may change the person and/or address applicable to it by providing notice of such change to all Parties. All notices under this Section are effective upon receipt, unless otherwise specified. Notices required to be sent to EPA, and not to the United States, should not be sent to the DOJ. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the CD regarding such Party.

**As to the United States**:      EES Case Management Unit
                                  U.S. Department of Justice
                                  Environment and Natural Resources Division
                                  P.O. Box 7611
                                  Washington, D.C. 20044-7611
                                  eescdcopy.enrd@usdoj.gov
                                  Re: DJ # 90-11-2-07152/2

**and**:                         Chief
                                  U.S. Department of Justice
                                  Environment and Natural Resources Division
                                  Environmental Defense Section
                                  P.O. Box 7611
                                  Washington, D.C. 20044-7611
                                  Re: DJ # 90-11-6-17915/1

**As to EPA**:                    Director, Superfund Division
                                  U.S. Environmental Protection Agency
                                  Region 4
                                  61 Forsyth Street, Atlanta, GA 30303
                                  hill.franklin@epa.gov

**and**:                         Hilary Thornton
                                  EPA Project Coordinator
                                  U.S. Environmental Protection Agency
                                  Region 4
                                  61 Forsyth Street, Atlanta, GA 30303
                                  thornton.hilary@epa.gov
                                  404-562-8809

| | |
|---|---|
| **As to the Program Analyst**: | Paula Painter |
| | Program Analyst |
| | 61 Forsyth Street, Atlanta, GA 30303 |
| | painter.paula@epa.gov |
| | |
| **As to EPA Cincinnati Finance Center**: | EPA Cincinnati Finance Center |
| | 26 W. Martin Luther King Drive |
| | Cincinnati, OH 45268 |
| | cinwd_acctsreceivable@epa.gov |
| | |
| **As to PSDs**: | Brett Berra PE, RSM |
| | AECOM |
| | 1600 Perimeter Park Drive, Suite 400 |
| | Morrisville, NC 27560 |
| | Brett.berra@aecom.com |
| | (919) 461-1290 |
| | |
| **As to Carr & Duff, Inc.:** | Edward J. Duff |
| | Carr & Duff, Inc. |
| | 2100 Byberry Road |
| | Huntingdon Valley, PA 19006 |
| | (215) 672-4200 |
| | |
| **and:** | Mason Avrigian, Jr., Esquire |
| | Jeffrey P. Wallack, Esquire |
| | Wisler Pearlstine, LLP |
| | Blue Bell Executive Campus |
| | 460 Norristown Road |
| | Suite 110 |
| | Blue Bell, PA 19422-2323 |
| | mavrigian@wispearl.com |
| | jwallack@wispearl.com |
| | (610) 825-8400 |

## XXII. RETENTION OF JURISDICTION

103.    This Court retains jurisdiction over both the subject matter of this CD and SDs for the duration of the performance of the terms and provisions of this CD for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this CD, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIV (Dispute Resolution).

## XXIII.        APPENDICES

104.    The following appendices are attached to and incorporated into this CD:

"Appendix A" is the list of Sales-Only Cashout Settling Defendants, and reflects the amount each shall pay to the Trust pursuant to ¶ 32.a.

"Appendix B" is the list of Cashout Settling Defendants, and reflects the amount each shall pay to the Trust pursuant to ¶ 32.a.

"Appendix C" is the list of Settling Repair Defendants, and reflects the initial amount each shall pay to the Trust pursuant to ¶ 32.a, and the percentage shares of any future assessments issued by the Trust pursuant to ¶ 32.b.

"Appendix D" is the list of UAO Parties.

"Appendix E" is the map of the Site.

"Appendix F" is the OU1 ROD.

"Appendix G" is the SOW.

## XXIV.    MODIFICATION

105.    Except as provided in ¶ 13 (Modification of SOW or Related Deliverables), material modifications to this CD, including the SOW, shall be in writing, signed by the United States and SDs, and shall be effective upon approval by the Court. Except as provided in ¶ 13, non-material modifications to this CD, including the SOW, shall be in writing and shall be effective when signed by duly authorized representatives of the United States and SDs. A modification to the SOW shall be considered material if it implements an OU1 ROD amendment that fundamentally alters the basic features of the selected remedy within the meaning of 40 C.F.R. § 300.435(c)(2)(ii). Before providing its approval to any modification to the SOW, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification.

106.    Any modification that does not affect the obligations of or the protections afforded to SDs that are not PSDs may be executed without the signatures of such SDs.

107.    Nothing in this CD shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this CD.

## XXV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

108.    This CD shall be lodged with the Court for at least 30 days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the CD disclose facts or considerations that indicate that the CD is inappropriate, improper, or inadequate. SDs consent to the entry of this CD without further notice.

109.    If for any reason the Court should decline to approve this CD in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

# XXVI.     SIGNATORIES/SERVICE

110.     Each undersigned representative of an SD to this CD and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this CD and to execute and legally bind such Party to this document.

111.     Each SD agrees not to oppose entry of this CD by this Court or to challenge any provision of this CD unless the United States has notified SDs in writing that it no longer supports entry of the CD.

112.     Each SD shall identify, on the attached signature page, the name, address, and telephone number of an agent or counsel who is authorized to accept service of process by mail or email on behalf of that Party with respect to all matters arising under or relating to this CD. SDs agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. SDs need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this CD.

# XXVII.     FINAL JUDGMENT

113.     This CD and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties regarding the settlement embodied in the CD. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this CD.

114.     Upon entry of this CD by the Court, this CD shall constitute a final judgment between and among the United States and SDs. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 22ND DAY OF NOVEMBER, 2016.

_____
United States District Judge

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR THE UNITED STATES OF AMERICA:**

9/12/16
Dated

John C. Cruden
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
Washington, D.C. 20530

Mark Sabath
Senior Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

C. Scott Spear / MS
C. Scott Spear
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611

JOHN STUART BRUCE
Acting United States Attorney

BY:

G. Norman Acker, III
Assistant United States Attorney
Chief, Civil Division
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461

43

Signature Page for CD regarding the Ward Transformer Superfund Site

8/29/16
Dated

Franklin E. Hill
Director, Superfund Division
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street SW
Atlanta, GA 30303

C. Jade Rutland
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street SW
Atlanta, GA 30303

44

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR**   North Georgia Electric Membership Corporation
          [Print Name of Party]

8/1/16
Date

Name (print): KATHRYN D. WEST
Title: President/CEO
Address: P.O. Box 1407 Dalton, GA  30722-1407

Agent Authorized to Accept Service
on behalf of Above-signed Party:

Name: Henry C. Tharpe, Jr.
Title: Outside General Counsel
Company: Sponcler & Tharpe, LLC
Address: 225 W. King Street, P.O. Box 398
         Dalton, Georgia 30722-0398
Phone Number:  706-278-5211
Email: htharpe@daltongalaw.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR **3M Company** :

[Print name of Settling Defendant]

8/4/16
Dated

Name (print): James R. Kotsmith
Title: Manager, 3M Corp. Env. Programs
Address: 3M Center, Bldg. 224-5w-17
St. Paul, MN 55024

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Dennis J. Camerson II
Title: Attorney
Company: Bressler Amery + Ross, P.C.
Address: 325 Columbia Turnpike,
Florham Park, N.J. 07932
Phone: 973-660-4433
email: djcamerson@bressler.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _____ :
[Print name of Settling Defendant]

**8/16/16**
Dated

Name (print): _Jay A. Porter_
Title: CEO, Adams-Columbia Electric Cooperative
Address: 401 East Lake Street POB 70
Friendship WI 53934

Agent Authorized to Accept Service     Name (print): _____
on Behalf of Above-signed Party:       Title: _____
                                       Company: _____
                                       Address: _____
                                       _____
                                       Phone: _____
                                       email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR**: Aerojet Rocketdyne Holdings, Inc.,
formerly named GenCorp Inc.
[Print name of Settling Defendant]

8/11/16
Dated

Name:        Kathleen E. Redd
Title:         Vice President, Chief
               Financial Officer and
               Assistant Secretary
Address:     P.O. Box 13222
               Sacramento, CA 95813

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): William E. Hvidsten
Title:          Senior Counsel, Environmental
Company:    Aerojet Rocketdyne Holdings, Inc.,
               formerly named GenCorp Inc.
Address:     2001 Aerojet Road
               Rancho Cordova, CA 95742
Phone:      916-351-8524
email:        william.hvidsten@Rocket.com

301996-00002000/5440393v3

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>Air Products and Chemicals, Inc.</u> :
   [Print name of Settling Defendant]

8/2/16
Dated

Name (print):   Todd Solodar
Title:          Senior EH&S Counsel
Address:        7201 Hamilton Boulevard
                Allentown, PA  18195

Agent Authorized to Accept Service    Name (print):   Todd Solodar
on Behalf of Above-signed Party:      Title:          Senior EH&S Counsel
                                      Company:        Air Products and Chemicals, Inc.
                                      Address:        7201 Hamilton Boulevard
                                                      Allentown, PA  18195
                                      Phone:          (610)481-2558
                                      email:          solodate@airproducts.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>Akers National Roll Company</u>        :
         [Print name of Settling Defendant]

<u>_____</u>          <u>_____</u>
Dated               Name (print): Rose Hoover
                    Title: Vice President
                    Address: 726 Bell Avenue, Suite 301
                             Carnegie, PA  15106


Agent Authorized to Accept Service   Name (print):  <u>Joshua D. Baker, Esq.</u>
on Behalf of Above-signed Party:     Title:       <u>Counsel</u>
                                     Company:     <u>Metz Lewis Brodman Must O'Keefe</u>
                                     Address:     <u>535 Smithfield Street, Suite 800</u>
                                                  <u>Pittsburgh, PA  15222</u>
                                     Phone:       <u>(412) 918-1100</u>
                                     email:       <u>jbaker@metzlewis.com</u>

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  Alcan Primary Products Corporation
_____
[Print name of Settling Defendant]

Aug 9/2016
Dated

Name (print): F. JAMES DIRKSEN
Title: PRESIDENT - ALCAN PRIMARY PRODUCTS
CORPORATION
Address: 6150 PARKLAND BLVD.
CLEVELAND, OHIO 44124

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Hal J. Pos
Title:
Company: Parsons Behle & Latimer
Address: 201 S. Main Street, Ste. 1800
Salt Lake City, UT 84111
Phone: 801-536-6725
email: hpos@parsonsbehle.com

Counsel

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _____
        Alcoa Inc.

August 2, 2016
Dated

John Kenna
Name (print):
Title: Vice President, Tax
Address: 201 Isabella Street
        Pittsburgh, PA 15212

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Franklin W. Boenning, Esq.
Title: Attorney
Company: Franklin W Boenning, LLC
Address: 1577 Grouse Lane
        Mountainside, NJ 07092
Phone: 908-928-0301
email: fwblaw@comcast.net

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _AMERICAN BILTRITE INC_ :
      [Print name of Settling Defendant]

7/25/16
Dated

Name (print): HOWARD N. FEIST
Title: VP-FINANCE
Address: 57 RIVER ST. SUITE 302
WELLESLEY HILLS, MA 02481

Agent Authorized to Accept Service    Name (print): HOWARD FEIST
on Behalf of Above-signed Party:      Title: VP-FINANCE
                                Company: AMERICAN BILTRITE
                                Address: 57 RIVER ST. SUITE 302
                                                     WELLESLEY HILLS, MA 02481
                                Phone: 781-237-6655
                                email: SFEIST@AMBILT.COM

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR: _Appalachian Power Company_____
[Print name of Settling Defendant]

August 10, 2016
Dated

Name: Charles R. Patton
Title: President & COO
Address: Laidley Tower Suite 800
500 Lee St. East
Charleston, WV 25301

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _Charles R. Patton___
Title: _President & COO_____
Company: _Appalachian Power Co.
Address: _Laidley Tower Suite 800
_500 Lee St., East
Charleston, WV 25301
Phone: _(304)348-4152_____
email: _crpatton@aep.com_____

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _____ Arkema Inc. _____ ;

_July 22, 2016_
Dated

Name (print):   William J. Hamel
Title:  Sr. Vice President and General Counsel
Address:   900 First Avenue
          King of Prussia, PA  19406

Agent Authorized to Accept Service    Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

Phone:  (717) 526-4330
E-mail:  N/A

Signature Page for CD regarding the Ward Transformer Superfund Site

Board of Regents of University System of Georgia
on behalf of Augusta University
formerly known as Augusta State University

8-18-16
Dated

*Anthony E. Wagner, M.Ed.*
Exec VP for Administration & Finance/CBO

Agent Authorized to Accept Service    Name (print):
on Behalf of Above-signed Party:      Title:
                                      Company:          Name: Samuel C. Burch, Esq.
                                      Address:          Title: Vice Chancellor for Legal Affairs
                                                        Board of Regents of the Univ. System of GA
                                                        270 Washington Street SW
                                                        Atlanta, GA  30334
                                      Phone:            Phone: 404-962-3255
                                      email:            EM: Sam.Burch@usg.edu

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  B AE Systems Norfolk Ship Repair Inc.:
[Print name of Settling Defendant]

August 3, 2016
Dated

_Anne M. Donohue (signature)_

Name (print):   Anne M. Donohue
Title:          Deputy Chief Counsel & Asst Secretary
Address:        750 West Berkley Avenue
                Norfolk, VA 23523

Agent Authorized to Accept Service     Name (print):   Anne M. Donohue
on Behalf of Above-signed Party:       Title:          Deputy Chief Counsel & Asst. Secretary
                                       Company:        BAE Systems Norfolk Ship Repair Inc.
                                       Address:        750 West Berkley Avenue
                                                       Norfolk, VA 23523
                                       Phone:          757.402.6280
                                       email:          anne.donohue@baesystems.com

2

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Barnes & Powell Electrical Co., Inc.:
[Print name of Settling Defendant]

9/13/2016

Dated

Name (print): James L Powell
Title: Vice President
Address: Po Box 849, 308 S. Parker Street
Elm City, NC 27822

Agent Authorized to Accept Service     Name (print): _____
on Behalf of Above-signed Party:       Title: _____
                                       Company: _____
                                       Address: _____
                                                _____
                                       Phone: _____
                                       email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR <u>Bassett Furniture Industries, Inc.</u>:
[Print name of Settling Defendant]

8/19/16
Dated

Name (print): J. Michael Daniel
Title: Senior Vice President & Chief Financial Officer
Address: 3525 Fairystone Park Hwy
         Bassett, VA 24055

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Todd S. Roessler
Title: Attorney
Company: Kilpatrick Townsend
Address: 4208 Six Forks Rd, Ste 1400
         Raleigh, NC 27609
Phone: 919-420-1726
email: troessler@kilpatricktownsend.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _B G E_____ :

[Print name of Settling Defendant]

8/15/16
Dated

_Carol Dodson_____
Name (print): Carol Dodson
Title: Vice President - Support Services
Address:

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: Corporate Creations Network
Address: 2 Wisconsin Circle, Suite 700
Chevy Chase MD 20815

Phone: _____
email: _____

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _____ BASF Corporation _____ :
[Print name of Settling Defendant]

_____
Dated

Name (print): Linda Mirsky Brenneman
Title: Associate General Counsel, Environmental
Address: 100 Park Avenue
Florham Park, NJ 07932

Agent Authorized to Accept Service    Name (print): Karyllan Dodson Mack
on Behalf of Above-signed Party:      Title: Environmental Counsel
                                      Company: BASF Corp.
                                      Address: 100 Park Ave
                                      Florham Park NJ 07932
                                      Phone: 973-245-7170
                                      email: Karyllan.mack@basf.com

Signature Page for CD regarding the Ward Transformer Superfund Site

Bayer CropScience Inc
(Stauffer Management Company LLC as litigation agent for
**FOR** Bayer CropScience Inc)
[Print name of Settling Defendant]

8/4/16
Dated

Name (print):   Joe P Yeager, Esq (McCarter &English LLP)
Title:   Assistant Outside General Counsel to Stauffer Management Company
Address:   405 N. King Street, 6th Floor
Wilmington, DE 19801

Agent Authorized to Accept Service    Name (print):    Charles N. Elmendorf
on Behalf of Above-signed Party:    Title:    Senior Director Environmental Remediation
Company:    Stauffer Management Company LLC
Address:    1800 Concord Pike
Wilmington, DE 19850
Phone:    (302) 885-7048
email:    charles.elmendorf@astrazeneca.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR**  Bedford Rural Electric Cooperative, Inc.    :
[Print name of Settling Defendant]

8/16/2016
Dated

Name (print):  Brooks R. Shoemaker
Title:            General Manager
Address:        P.O. Box 335
                Bedford, PA 15522

Agent Authorized to Accept Service    Name (print):  Joan W. Hartley
on Behalf of Above-signed Party:      Title:           Esquire
                                      Company:       Nexen Pruet, LLC
                                      Address:        1230 Main St, Suite 700
                                                     Columbia, SC 29201
                                      Phone:          (803) 540-2129
                                      email:          jhartley@nexenpruet.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Town of Bedford, Virginia :
[Print name of Settling Defendant]

August 15, 2015
Dated

Name (print): Charles Kolakowski
Title: Town Manager
Address: 215 East Main Street
Bedford, VA 24523

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Charles Kolakowski
Title: Town Manager
Company: Town Of Bedford, Virginia
Address: 215 East Main Street
Bedford, VA 24523
Phone: (540) 587-6002
email: ckolakowski@bedfordva.gov

Reviewed by Town Attorney:
William W. Berry, IV
VA Bar No. : 09113
206 East Main Street
PO Box 526
Bedford, VA 24523
(540) 586-8133
Fax: (540) 586-8569
Email: wberry@bedfordva.gov

45

**Signature Page for CD regarding the Ward Transformer Superfund Site**

FOR _Town of Blackstone_ :
[Print name of Settling Defendant]

8/10/16
Dated

Name (print): Philip Vannoorbeeck
Title: Town Manager
Address: Town of Blackstone
100 W. Elm St. Blackstone, Va. 23824

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

Name (print): William D. Coleburn
Title: Mayor
Company: Town of Blackstone
Address: 100 W. Elm St. Blackstone VA 23824

Phone: 434-292-3019 work
email: mayorbilly@courier-record.com

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>Brazos Electric Power Cooperative, Inc.</u> :
[Print name of Settling Defendant]

<u>7/27/16</u>
Dated

Name (print): Clifton Karnei
Title: Executive Vice President & General Manager
Address: 7616 Bagby Ave., Waco, TX 76712

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):   Clifton Karnei
Title:      Exec. Vice Pres. & General Manager
Company:   Brazos Electric Power Cooperative, Inc.
Address:   7616 Bagby Ave., Waco, TX 76712

Phone:    (254) 750-6500
email:    ckarnei@brazoselectric.com

**NOTE: A separate signature page must be signed by each settlor.**

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Buist Electric_ :
[Print name of Settling Defendant]

8/2/16
Dated

Name (print): Brent Brinks
Title: Vice President
Address: 8650 Byron Center Ave
Byron Center, MI 49315

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): STEVE LONGSTREET
Title: PRESIDENT
Company: BUIST ELECTRIC
Address: 8650 BYRON CENTER AVE

Phone: 616 8781375
email: SLONGSTREET @ BUISTELECTRIC. COM

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Cape Hatteras Electric Membership Corporation_
[Print name of Settling Defendant]

8/12/16
Dated

Name (print): Susan E. Flythe
Title: EVP + General Manager
Address: PO Box 9
Buxton, NC 27920

Agent Authorized to Accept Service   Name (print): Patrick A. Genzler
on Behalf of Above-signed Party:     Title: Legal Counsel
                                     Company: Vandeventer Black LLP
                                     Address: 500 World Trade Center
                                              Norfolk, VA 23510
                                     Phone: 757-446-8631
                                     email: pgenzler@vanblk.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Cargill, Inc._ :
[Print name of Settling Defendant]

_August 2, 2016_
Dated

_Anne Monine_
Name (print): Anne Monine
Title: Corporate Environmental Lead
Address: 15407 McGinty Rd W
MS-56-1-9380
Wayzata, MN 55391

Agent Authorized to Accept Service     Name (print): Anne Monine
on Behalf of Above-signed Party:       Title: Corporate Environmental Lead
                                       Company: Cargill, Inc.
                                       Address: 15407 McGinty Rd W
                                       MS-56-1-9380
                                       Wayzata, MN 55391
                                       Phone: 952-742-2969
                                       email: anne_monine@cargill.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Carlisle Construction Materials, LLC :
[Print name of Settling Defendant]
f/k/a Carlisle SynTec Incorporated

5/24/16
Dated

Name (print): John D Waclawski
Title: VP + General Counsel
Address: 1285 Ritner Highway
Carlisle, PA 17013

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): John D Waclawski
Title: VP and General Counsel
Company: Carlisle Construction Materials, LLC
Address: 1285 Ritner Highway
Carlisle, PA 17013
Phone: 717-245-7151
email: john.waclawski@carlisleccm.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Carr & Duff, Inc., for itself and on behalf of Ed Duff :

[Print name of Settling Defendant]

8/17/16
Dated

Name (print): Edward J. Duff
Title: Vice President
Address: 2100 Byberry Road
Huntingdon Valley, PA 19006

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Mason Avrigian, Jr.,/Jeffrey P. Wallack
Title: Attorneys for Carr & Duff, Inc.
Company: Wisler Pearlstine, LLP
Address: 460 Norristown Road, Suite 110
Blue Bell, PA 19422
Phone: 610-825-8400
email: mavrigian@wispearl.com/jwallack@wispearl.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR    Caterpillar Inc.                                    :
_____
[Print name of Settling Defendant]

*AUGUST 8, 2016*
Dated

Name (print):  Rick Moore
Title:             Facility Manager
Address:        27th and Pershing Road
                    Decatur, IL 62525

Agent Authorized to Accept Service    Name (print):    Charles Anthony
on Behalf of Above-signed Party:       Title:              Environmental Attorney
                                                  Company:         Caterpillar Inc.
                                                  Address:          100 NE Adams St.
                                                                        Peoria, IL 61629
                                                  Phone:            (309) 675-5257
                                                  email:             anthony_charles_r@cat.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR CEMEX CONSTRUCTION MATERIALS FLORIDA, LLC**

8/17/16
Dated

Name (print): Mike F. Egan
Title:        EVP & GC
Address:      1501 Belvedere Road
              West Palm Beach, FL 33406

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

Name (print): Corporate Creations
Title:        Agent for Service
Company:      Corporate Creations Network, Inc.
Address:      11380 Prosperity Farms Rd., #221E
              Palm Beach Gardens, FL 33410
Phone:        (561) 694-8107
email:        contactus@corpcreations.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  _C6x Energy LLC_____ :

[Print name of Settling Defendant]

_August 8, 2016_
Dated

Name (print): John R. Thomas
Title: Assistant General Counsel
Address: 200 West Street
New York, NY 10282-2198

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Megan R. Brillault
Title: Attorney
Company: Beveridge & Diamond, P.C.
Address: 477 Madison Avenue, 15th Floor
New York, NY 10022
Phone: 212-702-5414
email: mbrillault@bdlaw.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

*Lloyd Ballard Mauldin* FOR Chemical Products Corporation
                                    [Print name of Settling Defendant]


7/25/2016
Dated

Name (print): Lloyd Ballard Mauldin
Title: President
Address: P.O. Box 2470
Cartersville, GA 30120

Agent Authorized to Accept Service    Name (print): Lloyd Ballard Mauldin
on Behalf of Above-signed Party:      Title: President & Registered Agent
                                      Company: Chemical Products Corporation
                                      Address: P.O. Box 2470
                                               Cartersville, GA 30120
                                      Phone: (770) 382-2144
                                      email: BMauldin@CPC-US.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Chevron Mining Inc._ :
[Print name of Settling Defendant]

8/2/16
Dated

_Robert R John_

Name (print): Robert. R. John
Title: President
Address: 6001 Bollinger Canyon Road
San Ramon, CA 94583-2324

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _Corporation Service Company (CSC)_
Title:
Company:
Address: 2710 Gateway Oaks Dr. Suite 150 N
Sacramento, CA 95833
Phone: 1-800-222-2122
email: SOP @ cscglobal.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR <u>CHRISTUS Health Northern Louisiana d/b/a CHRISTUS Schumpert</u> :

[Print name of Settling Defendant]

<u>8-16-16</u>
Dated

*Andy Navarro*

<u>Andy G. Navarro</u>
Name (print):
Title: Vice President / Regional General Counsel
Address: 919 Hidden Ridge
Irving, TX 75038

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): <u>Nancy LeGros</u>
Title: <u>Sr. V.P. / Chief Legal Counsel</u>
Company: <u>CHRISTUS Health</u>
Address: <u>919 Hidden Ridge</u>
<u>Irving, TX 75038</u>
Phone: <u>(469) 282-2354</u>
email: <u>nancy.legros@christushealth.org</u>

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Cleveland Electric Company _____ ;
    [Print name of Settling Defendant]

August 8, 2016
Dated

Name (print): Ken Harbour
Title: Vice President
Address: 1281 Fulton Industrial Boulevard
Atlanta, Georgia 30336

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Herman L. Fussell
Title: Attorney
Company: Hudson Parrott Walker, LLC
Address: 3575 Piedmont Rd. NE, Bldg 15, Ste. L100
Atlanta, Georgia 30305
Phone: 404.781.0565
email: hfussell@hpwlegal.com

NOTE: A separate signature page must be signed by **each settlor.**

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR: Cohen & Green Salvage Company, Inc.

_1 August 2016_
Dated

Name (print): Richard A. Poinsatte
Title:        Vice President
Address:      7575 West Jefferson Blvd.
              Fort Wayne, IN  46804

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

Name (print): David R. Steiner
Title:        Attorney for Cohen & Green Salvage
              Company, Inc.
Company:      Barrett McNagny LLP
Address:      215 East Berry Street
              Fort Wayne, IN 46802
Phone:        (260) 423-8915
email:        drs@barrettlaw.com

1654407

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Conopco Inc. f/k/a Unilever
[Print name of Settling Defendant]

8/30/2016
Dated

Name (print):
Title:
Address:
**Andrew Shakalis**
**Associate General Counsel-**
**Environmental & Safety**
**as in-house counsel, acting**
**on behalf of Conopco, Inc.**

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Andrew Shakalis
Title: Associate General Counsel
Company: Conopco, Inc.
Address: 800 Sylvan Avenue A-1024
Englewood Cliffs NJ 07634
Phone: 201.894.2763
email: andrew.Shakalis@unilever.com

**NOTE: A separate signature page must be signed by each settlor.**

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR CONSOLIDATION COAL COMPANY
[Print name of Settling Defendant]

8/2/16
Dated

Name (print): JASON D. WITT
Title: SECRETARY
Address: 46226 NATIONAL RD.
St. CLAIRSVILLE, OH 43950

Agent Authorized to Accept Service     Name (print): Jason D. Witt
on Behalf of Above-signed Party:       Title: Secretary
                                       Company: Consolidation Coal Company
                                       Address: 46226 National Rd.
                                                St. Clairsville Ohio 43950
                                       Phone: 740-338-3352
                                       email: jwitt@coalsource.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Continental Grain Company_ :
[Print name of Settling Defendant]

August 10, 2016
Dated

Name (print): Frank W. Baier
Title: Executive Vice President - Chief Financial Officer
Address: 767 Fifth Avenue, 15th Floor
New York NY 10153

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Michael R. Mayberry
Title: Senior Vice President - Legal
Company: Continental Grain Company
Address: 767 Fifth Avenue, 15th Fl.
New York NY 10153
Phone: 212-207-2878
email: michael.mayberry@conti.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR**

**COOPER TIRE & RUBBER COMPANY**

7/27/2016
Dated

Name:   Thomas N. Lause

Title: VP and Treasurer

Address:  701 Lima Avenue, Findlay, Ohio 45840

Approved as to Legal
Form JSW

Agent Authorized to Accept Service Name (print):
on Behalf of Above-signed Party:        Title:        Amy McLaren
                                        Company:      CT Corporation
                                        Address:      1300 E. 9th Street
                                                      Cleveland, Ohio 44114
                                        Phone:        216-802-2121

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Corning Incorporated, formerly known as Corning Glass Works :
[Print name of Settling Defendant]

August 17, 2016
Dated

Name (print): Jack H. Cleland
Title: Senior Vice-President
Address: Corning Incorporated
One Riverfront Plaza
Corning, NY 14831

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Lindz E. Jolly
Title: Vice President and Corporate Secretary
Company: Corning Incorporated
Address: One Riverfront Plaza
Corning, NY 14831
Phone: 607-974-7430
email: jollyle@corning.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  Dacco, Inc.                          :
[Print name of Settling Defendant]

8.16.16
Dated

Name (print): Benjamin A. DeRampe,
Title:  CAO, EVP
Address:  7350 Young Dr
Walton Hills, OH 44146

Agent Authorized to Accept Service    Name (print):  Corporation Service Company
on Behalf of Above-signed Party:      Title:  Registered Agent
                                      Company:
                                      Address:  50. W. Broad St., Suite 1800
                                      Columbus, OH 43215
                                      Phone:  1.866.403.5272
                                      email:

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _DELAWARE ELECTRIC COOPERATIVE, INC._
[Print name of Settling Defendant]

8/8/2016
Dated

Name (print): J. WILLIAM ANDREW
Title: PRESIDENT & CEO
Address: Po Box 600
GREENWOOD, DE 19950

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): BRUCE CAMPBELL
Title: MANAGER OF COLLECTIONS
Company: DELAWARE ELECTRIC COOPERATIVE INC
Address: Po Box 600
GREENWOOD DE 19950
Phone: 302-349-3159
email: BCAMPBELL@DECOOP.COM

45

Signature Page for CD regarding the Ward Transformer Superfund Site

Donoran Spring & Equipment Co. Inc.

FOR ~~[signature]~~ :

[Print name of Settling Defendant]

8/16/16
Dated

JOHN CHAKMAKAS
Name (print):
Title: VP + TREAS
Address: 6 ENTERPRISE DR
LONDONDERRY NH 03053

Agent Authorized to Accept Service     Name (print): Michael J. Quinn
on Behalf of Above-signed Party:        Title: Attorney
                                        Company: McLane Middleton
                                        Address: 100 Arboretum Drive
                                                 Newington, NH 03801
                                        Phone: (603) 436-2818
                                        email: mike.quinn@mclane.com

45

**Signature Page for CD regarding the Ward Transformer Superfund Site**

FOR ___City of Dover___ :
[Print name of Settling Defendant]

8/23/2016
Dated

Name (print) _William W. Pepper Sr._
Title: _Deputy City Solicitor_
Address: _414 S. State Street_
_Dover, DE 19901_

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

Name (print): _Nicholas H. Rodriguez, Esq._
Title: _City Solicitor_
Company:
Address: _414 S. State Street_
_Dover, DE 19901_
Phone: _(302) 674-0140_
email: _nrodriguez@schmittrod.com_

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Dravo Corp._ :
[Print name of Settling Defendant]

August 11, 2016
Dated

Name (print): Kevin White
Title: Vice President and General Counsel
Address: Carmeuse Lime + Stone
11 Stanwix St. 21st Floor
Pittsburgh PA 15222

Agent Authorized to Accept Service    Name (print): Joseph Fraudenberg
on Behalf of Above-signed Party:      Title: Environmental Counsel
                                      Company: Carmeuse Lime + Stone
                                      Address: 11 Stanwix St. 21st Floor
                                      Pittsburgh PA 15222
                                      Phone: 412.995.1054
                                      email: joseph.fraudenberg@carmeusinc.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Duke Energy Progress, LLC:
[Print name of Settling Defendant]

8-10-2016
Dated

Name (print): David B. Fountain
Title: President, North Carolina
Address: 410 S. Wilmington Street
Raleigh, NC 27601

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Ariane S. Johnson, Esq.
Title: Associate General Counsel
Company: Duke Energy
Address: 1000 E. Main Street
Plainfield, IN 46168
Phone: (317) 838-1035
email: ariane.johnson@duke-energy.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR ___Duquesne Light Company_____ :
        [Print name of Settling Defendant]

08/12/16
_____
Dated

Name (print):  Bradley S. Tupi
Title:  Attorney
Address:  1500 One PPG Place
          Pittsburgh, PA 15222

Agent Authorized to Accept Service     Name (print):   Bradley S. Tupi
on Behalf of Above-signed Party:       Title:          Attorney
                                       Company:        Tucker Arensberg, P.C.
                                       Address:        1500 One PPG Place
                                                       Pittsburgh, PA 15222
                                       Phone:          (412) 594-5545
                                       email:          btupi@tuckerlaw.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** East Central Regional Hospital:
[Print name of Settling Defendant]

8/19/16
Dated

Paul N. Brock

Name (print): Paul Brock
Title: Regional Hospital Administrator
Address: 100 Myrtle Blvd.
Gracewood, GA 30812

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Graham L. Barron, Esq.
Title: Assistant Attorney General
Company: Georgia Department of Law
Address: 40 Capitol Square, SW
Atlanta, GA 30334-1300
Phone: (404) 656-7541
email: gbarron@law.ga.gov

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _East Kentucky Power Cooperative_
[Print name of Settling Defendant]

08-01-2016
Dated

Name (print): ANTHONY S. CAmpbell
Title: President & CEO
Address: P.O. Box 707
Winchester, KY 40392-0707

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): ANTHONY S. CAmpbell
Title: President & CEO
Company: East Kentucky Power Cooperative
Address: P.O. Box 707
Winchester KY 40392-0707
Phone: 859-745-9314
email: tony.campbell@ekpc.coop

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _East Penn Manufacturing Co._:
[Print name of Settling Defendant]

7/25/16
Dated

_Christina L. Weeber_
Name (print):
Title: _Senior VP-Finance/Secretary_
Address: _102 Deka Road_
_Lyon Station, PA 19536_

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: _____
Address: _____
_____
Phone: _____
email: _____

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Cooper Power Systems, LLC        :

[Print name of Settling Defendant]

9/7/16
Dated

Name (print): Heath B. Monesmith
Title:
Address:
Senior Vice President and Deputy General Counsel
Eaton
1000 Eaton Boulevard
Cleveland, OH 44122

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):    Rita Palmer
Title:
Company:    CT Corporation
Address:    1300 Superior Ave.
       Cleveland, OH   44114
Phone:    216 802 2103
email:    rita.palmer@WolterSkluwer.com

**NOTE: A separate signature page must be signed by each settlor.**

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** *E.I. du Pont and Company* :
[Print name of Settling Defendant]

Aug 9, 2016
Dated

Name (print): *Michael J. Lukas*
Title: *Remediation Team Manager*
Address:

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): *Patricia McGee, Esq.*
Title: *Corporate Counsel*
Company: *E.I. du Pont de Nemours and Company*
Address: *974 Centre Road*
*Wilmington DE 19805*
Phone: *302-996-8275*
email: *Patricia.McGee@dupont.com*

**NOTE: A separate signature page must be signed by each settlor.**

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR <u>Emma L. Bixby Medical Center dba ProMedica Bixby Hospital</u>:
[Print name of Settling Defendant]

7-28-16
—————
Dated

Name (print) Julie K. Yaroch, D.O., President
Title:
Address: 818 Riverside Avenue
         Adrian, MI 49221

Agent Authorized to Accept Service      Name (print): Jeffrey C. Kuhn
on Behalf of Above-signed Party:        Title:        Chief Legal Officer/General Counsel
                                        Company:      ProMedica Health System
                                        Address:      1801 Richards Road
                                                      Toledo, OH 43607
                                        Phone:        (419) 469-3622
                                        email:        jeff.kuhn@promedica.org

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Endicott Clay Products Company_:
[Print name of Settling Defendant]

_August 15, 2016_
Dated

Name (print): _Ryan L. Parker_
Title: _President & CEO_
Address: _P.O. Box 17_
_Fairbury, NE 68352_

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _Ryan L. Parker_
Title: _President & CEO_
Company: _Endicott Clay Products Company_
Address: _P.O. Box 17_
_Fairbury, NE 68352_
Phone: _402-729-3315_
email: _rparker@endicott.com_

_Electing to be a Cashout Party._ _RLP 8/15/16_

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Entergy Arkansas, Inc. f/k/a Arkansas Power and Light, Inc. **:**
[Print name of Settling Defendant]

8/12/16
Dated

Name (print): Kelly McQueen
Title: Assistant General Counsel
Address: 425 West Capitol Ave., Little
Rock, AR 72201

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Kelly McQueen

Title: Assistant General Counsel

Company: Entergy Services, Inc (sign ng as Agent for EAI)

Address: 425 West Capitol Ave. , Little Rock, AR 72201

Phone: 501-377-5760

email: kmcque1@entergy.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  ENVIRONMENTAL PROTECTION SERVICES, INC.  :
[Print name of Settling Defendant]

August 19, 2016
Dated

Name (print): Keith R. Reed
Title: President
Address: 4 Industrial Park Dr.
           Wheeling, WV, 26003

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):    Edward L. Kropp
Title:           Counsel
Company:         Steptoe & Johnson, PLLC
Address:         P.O. Box 36425
                 Indianapolis, IN, 36426
Phone:           (317) 946-9882
email:  Skipp.Kropp@steptoe-johnson.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  ERACHEM COMILOG INC.      :

[Print name of Settling Defendant]

Dated _____

Name (print): _Michael E. Manley_
Title: _CEO_
Address: _610 Pittman Rd_
_Baltimore, MD 21226_

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):    John Lazzaretti
Title:    Senior Associate
Company:    Squire Patton Boggs (US) LLP
Address:    4900 Key Tower 127 Public Square
     Cleveland, OH 44114
Phone:    216.479.8350
email:    john.lazzaretti@squirepb.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _ExxonMobil Oil Corporation_:
[Print name of Settling Defendant]

_16 Aug 16_
Dated

Name (print): ROBERT W. JACKMORE
Title: US/AMERICAS SOUTH COMMERCIAL MGR.
Address: 22777 SPRINGWOODS VILLAGE PARKWAY, S2.2B.282, SPRING TX 77389

Agent Authorized to Accept Service ~~Name (print)~~ Company: CORPORATION SERVICE COMPANY
on Behalf of Above-signed Party: Title:
~~Company:~~
Address: 327 HILLSBOROUGH STREET RALEIGH, NC 27603-1725

Phone:
email:

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Fabri-Kal Corporation                    :
[Print name of Settling Defendant]

8/4/2016
Dated

Name (print): Gary C. Galia
Title: EVP – Finance/CFO
Address:        600 Plastics Place,
                Kalamazoo, Michigan 49001

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):_____
Title:_____
Company:_____
Address:_____
_____
Phone:_____
email:_____

301996-00002000/5440393v3

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Firelands Electric Cooperative, Inc.
[Print name of Settling Defendant]

7/26/16

Dated

Name (print): Daniel McNaull
Title: President
Address: 1 Energy Place
New London, Ohio 44851

Agent Authorized to Accept Service
on behalf of Above-signed Party:

Name (print): April Bordas
Title: General Manager
Company: Firelands Electric Cooperative, Inc.
Address: 1 Energy Place
New London, Ohio 44851
Phone: 419/929-1571
Email: abordas@firelandsec.com

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** FLORIDA POWER & LIGHT COMPANY / NEXTERA
[Print name of Settling Defendant]

8/01/16
Dated

Name (print): ROBERT B. SENDLER
Title: V.P. & CHIEF LITIGATION COUNSEL
Address: 700 UNIVERSE BLVD.
JUNO BEACH, FL.
33408

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): ROBERT B. SENDLER
Title: V.P. & CHIEF LITIGATION COUNSEL
Company: FPL / NEXTERA ENERGY
Address: 700 UNIVERSE BLVD.
JUNO BEACH, FL 33408
Phone: 561-691-7109
email: robert.b.sendler@nee.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** _____ :

August 3, 2016

Name (print): Douglas L. Frame
Company:    FluiDyne Engineering Corp.
                 dba Phoenix Solutions Co
Title:        President
Address:     5480 Nathan Lane N,
                 Suite 110
                 Plymouth, MN 55442

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Douglas L. Frame
Title:        President
Company:    FluiDyne Engineering Corp.
                 .dba Phoenix Solutions Co
Address:     5480 Nathan Lane N,
                 Suite 110,
                 Plymouth, MN 55442
Phone:       763-544-2721
email:  dframe@phoenixsolutionsco.com

301996-00002000/5440393v3

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _FMC Corporation_ :
[Print name of Settling Defendant]

_(signature)_

8/3/16
Dated

Name (print): Christina Kaba
Title: Director, EHS Remediation & Governance
Address: FMC Corporation
2929 Walnut St
Philadelphia, PA 19104

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): John F. Stillmun
Title: Assistant General Counsel
Company: FMC Corporation
Address: 2929 Walnut St.
Philadelphia, PA 19104
Phone: (215) 299 - 6989
email: John.stillmun @ fmc.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Four County Electric Membership Corporation :
            [Print name of Settling Defendant]

August 3, 2016
Dated

Name (print):  Mitchell L. Keel
Title:         CEO
Address:       1822 NC Hwy 53 W, Burgaw NC 28425


Agent Authorized to Accept Service    Name (print):  Mitchell L. Keel
on Behalf of Above-signed Party:      Title:         CEO
                                      Company:       Four County Electric Membership Corporation
                                      Address:       1822 NC Hwy 53 W
                                                     Burgaw, NC 28425
                                      Phone:         (910) 259-1825
                                      email:         mkeel@fourcty.org

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR ___Frontier Communications Corp._____ :
        [Print name of Settling Defendant]

7/26/16
Dated

Name (print):   Mark D. Nielsen
Title:      EVP, General Counsel
Address:   401 Merritt 7, Norwalk, CT 06851

Agent Authorized to Accept Service    Name (print):   John S. Hahn
on Behalf of Above-signed Party:      Title:          Partner
                                      Company:        Mayer Brown LLP
                                      Address:        1999 K Street N.W.
                                                      Washington D.C. 20006-1101
                                      Phone:          202-263-3346
                                      email:          jhahn@mayerbrown.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Furman University :
[Print name of Settling Defendant]

8/12/16
Dated

Name (print): Angela Littlejohn
Title: General Counsel
Address: 3300 Poinsett Hwy
Greenville, South Carolina

Agent Authorized to Accept Service     Name (print): _____
on Behalf of Above-signed Party:       Title: _____
                                       Company: _____
                                       Address: _____
                                       _____
                                       Phone: _____
                                       email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>G&S Motor Equipment Co., INC.</u> :
[Print name of Settling Defendant]

7/26/16

Dated

X _____

Name (print): Gabor Newmark
Title:  President
Address: 1800 Harrison Ave.
 Kearny, NJ  07032

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):  Jeffrey B. Wagenbach, Esq.
Title:
Company:  Riker Danzig Scherer Hyland & Perretti LLP
Address:  Headquarters Plaza, One Speedwell Ave.
 Morristown, New Jersey 07962-1981
Phone:  973-451-8524
email:  jwagenbach@riker.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR *General Electric Co.* :
[Print name of Settling Defendant]

*5 Aug 2016*
Dated

Name (print): *Randall McAlister*
Title: *Exec. Mgr., Environmental Remediation*
Address: *3135 Easton Tpk.*
*Fairfield CT 06828*

Agent Authorized to Accept Service    Name (print): *Kirk Macfarlane*
on Behalf of Above-signed Party:      Title: *Executive Counsel*
                                      Company: *General Electric Company*
                                      Address: *64D Freedom Business Center*
                                      *King of Prussia PA 19406*
                                      Phone: *610 992 7976*
                                      email: *Kirk.macfarlane@ge.com*

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** General Extrusions, Inc. :
[Print name of Settling Defendant]

7/29/2016
Dated

Name (print): Herbert F. Schuler, Jr.
Title:           President
Address:      PO Box 3488, Youngstown, OH 44513-3488

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):  Herbert F. Schuler, Jr.
Title:          President
Company:        General Extrusions, Inc.
Address:        PO Box 3488
                Youngstown, OH 44513-3488
Phone:          330-783-0270
email:          hfschulerjr@genext.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR ___Georgia Pacific LLC___ :

[Print name of Settling Defendant]

8/1/16
Dated

Name (print): Tye G. Darland
Title: Senior Vice President - General Counsel and Secretary
Address: 133 Peachtree Street, NE
Atlanta, GA 3-303

Agent Authorized to Accept Service   Name (print): John Bottini
on Behalf of Above-signed Party:     Title: Senior Counsel
                                     Company: Georgia-Pacific LLC.
                                     Address: 133 Peachtree St N.E.
                                     Atlanta, Georgia 30303
                                     Phone: 404-652-4883
                                     email: john.bottini@gapac.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR GGP-TRC, LLC (f/k/a The Rouse Company, LLC), a Delaware limited liability company :

[Print name of Settling Defendant]

8-11-16
Dated

Roseary B Fee
Name (print): Rosemary B Feet
Title: Assistant secretary
Address: c/o General Growth Properties
110 N. Wacker Drive
Chicago, IL 60606

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: _____
Address: _____
_____
Phone: _____
email: _____

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** GrafTech International Holdings Inc. f/k/a UCAR Carbon Company Inc. :

[Print name of Settling Defendant]

08/05/2016
Dated

Name (print): LIONEL D BATTI

Title: PRESIDENT ENGINEERED SOLUTIONS GRAFTECH INTERNATIONAL

Address: 6100 OAK TREE BLVD
INDEPENDENCE, OHIO 44131

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): –
Title: –
Company: CT Corporation
Address: 1209 Orange Street
Wilmington, DE 19801
Phone: –
email: –

Signature Page for CD regarding the Ward Transformer Superfund Site


FOR  Grand Haven Board of Light and Power   :
          [Print name of Settling Defendant]

August 8, 2016
Dated

Name (print):  David R. Walters
Title:         General Manager
Address:      1700 Eaton Drive
               Grand Haven, MI 49417


Agent Authorized to Accept Service  Name (print):  Timothy J. Lundgren
on Behalf of Above-signed Party:  Title:        Partner
                                     Company:  Varnum LLP
                                     Address:   333 Bridge Street NW
                                                         Grand Rapids, MI 49504
                                     Phone:     (616) 336-6750
                                     email:     tjlundgren@varnumlaw.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _GREEN CIRCLE GROWERS, INC_ :
[Print name of Settling Defendant]

_8-8-16_
Dated

_Tony Lucarell_
Name (print): TONY LUCARELL
Title: CFO
Address: 51051 US HWY 20, OBERLIN, OH 44074

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Amanda M. Knapp, Esq.
Title: Attorney
Company: Roetzel & Andress LPA
Address: 1375 East Ninth Street
One Cleveland Center, 10th Fl, Cleveland OH 44114
Phone: (216) 623-0150
email: aknapp@ralaw.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** _Green Mountain Power, Inc._ :
[Print name of Settling Defendant]

17 Aug 16
Dated

Name (print): Charlotte Ancel
Title: Vice President, General Counsel, Generation & Power Resources
Address: 1252 Post Road
Rutland, VT 05701

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Debra L. Bouffard
Title: Esquire
Company: Sheehey Furlong & Behm, P.C.
Address: 30 Main Street, 6th Floor - PO Box 66
Burlington, VT 05402-0066
Phone: (802) 864-9891
email: dbouffard@sheeheyvt.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR GREENWOOD Mills INC:
_____
[Print name of Settling Defendant]

8-1-2016
Dated

William B. Watkins
Name (print): William B. Watkins
Title: Vice President
Address: P.O. Box 1546
Greenwood, S.C. 29648

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Joan Wash Hartley
Title: Special Counsel
Company: Nelsen Pruet LLC
Address: 1230 Main St. Ste 700
Columbia SC 29201
Phone: 803-540-2129
email: jhartley@nelsenpruet.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** GUAM POWER AUTHORITY _____ :

[Print name of Settling Defendant]

8/1/16
Dated

Name (print): John M. Benavente, P.E.
Title: General Manager
Address: Guam Power Authority
P.O. Box 2977
Hagatna, Guam 96932-2977

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): D. Graham Botha, Esq.
Title: General Counsel
Company: Guam Power Authority
Address: P.O. Box 2977
Hagatna, Guam 96932-2977
Phone: (671)648-3203/3002
email: gbotha@gpagwa.com

**NOTE: A separate signature page must be signed by each settlor.**

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR   Guernsey-Muskingum Electric Cooperative, Inc. :
      [Print name of Settling Defendant]

8/18/2016
Dated

Name (print):  Jerry L. Kackley
Title:   General Manager/CEO
Address:
         17 South Liberty Street
         New Concord, OH  43762

Agent Authorized to Accept Service   Name (print):   Trischa Snyder Chapman
on Behalf of Above-signed Party:     Title:          Legal Counsel
                                     Company:        BakerHostetler
                                     Address:         65 E. State Street, Suite 2100
                                                     Columbus, OH  43215
                                     Phone:           614-462-2663
                                     email:          tchapman@bakerlaw.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Jevill B. Hains_ :

[Print name of Settling Defendant]

Scott B. Haines
for H+K Group, Inc.

**8/8/16**
Dated

Name (print): _____
Title: President
Address: 2052 Lucon Rd.
Skippack, PA 19474

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Paul R. Ober, Esq.
Title: Attorney
Company: Paul Ober + Associates
Address: 234 N. 6th St.
Reading, PA 19601
Phone: 610-378-0121
email: paul@oberandassociates.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR   Hancock Wood Electric Cooperative, Inc.  :
      [Print name of Settling Defendant]

7/26/16
Dated

Name (print): George Walton
Title:   President & CEO
Address:   1399 Business Park Drive South

         North Baltimore, OH 45872

Agent Authorized to Accept Service    Name (print):   George Walton
on Behalf of Above-signed Party:      Title:   President & CEO
                                      Company:   Hancock Wood Electric Cooperative, Inc.
                                      Address:   1399 Business Park Drive South
                                                 North Baltimore, OH  45872
                                      Phone:   419-423-4841
                                      email:   george@hwe.coop

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Harsco Corporation_ :
[Print name of Settling Defendant]

2/16/16
Dated

Sam Russ
Name (print): Samuel Romaninsky
Title: Assistant General Counsel, Global Litigation and
Address: Harsco Corporation                Dispute Resolution
350 Poplar Church Road
Camp Hill, PA 17011

Agent Authorized to Accept Service    Name (print): Samuel Romaninsky
on Behalf of Above-signed Party:      Title: Assistant General Counsel, G.L.D.R.
                                      Company: Harsco Corporation
                                      Address: 350 Poplar Church Road
                                               Camp Hill, PA 17011
                                      Phone: 717-730-1950
                                      email: Sromaninsky@harsco.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Haynes International, Inc:
[Print name of Settling Defendant]

July 27, 2016
Dated

Name (print): Janice Gunst
Title: VP- General Counsel
Address: 1020 W. Park Ave.
Kokomo, IN 46904

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Janice Gunst
Title: VP- General Counsel
Company: Haynes International, Inc.
Address: 1020 W. Park Ave
Kokomo, IN 46904
Phone: (765) 456-6110
email: jgunst@haynesintl.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

Hercules Incorporated

FOR Sol Ely :
[Print name of Settling Defendant]

08/19/16
Dated

Name (print): Robin G. Lampkin
Title: Senior Environmental Product Regulatory
Address: 5200 Blazer Parkway — Trade Group
Dublin, OH 43028          Counsel

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Robin G. Lampkin
Title: /
Company: Hercules Incorporated
Address: 5200 Blazer Parkway
Dublin, OH 43017
Phone: 614.790.3019
email: relampking ashland.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR <u>The Hershey Company</u>** <u>            </u>:
　　　　　　　　　　　[Print name of Settling Defendant]

August 18, 2016
Dated

Name (print): Kathleen S. Purcell
Title: Assistant Corporate Secretary
Address: 100 Crystal A Drive, Hershey, PA 17033

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

| | |
|---|---|
| Name (print): | Craig P. Wilson |
| Title: | Partner |
| Company: | K&L Gates LLP |
| Address: | 17 North Second Street, 18th Floor |
| | Harrisburg, Pennsylvania 17101-1507 |
| Phone: | (717) 231-4509 |
| Email: | craig.wilson@klgates.com |

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _____ :
The Hillshire Brands Company, f/k/a Sara Lee Corporation,
including all present and former subsidiaries and affiliates thereof
[Print name of Settling Defendant]

8-1-2016
Dated

Name (print): Kevin J. Igli
Title: Senior Vice President
Address: 2200 Don Tyson Parkway
         Springdale, AR 72762

Agent Authorized to Accept Service   Name (print): Tyson Foods, Inc.
on Behalf of Above-signed Party:     Title:        N/A
                                     Company:      c/o CT Corporation
                                     Address:      124 West Capitol Avenue, Suite 1900
                                                   Little Rock, AR 72201-3736
                                     Phone:        202-572-3133
                                     Email:        N/A

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Holladay Properties Services Midwest Inc_
[Print name of Settling Defendant]

_8/16/16_
Dated

_Timothy A. Baker_  _Tif d. Bur_
Name (print):
Title: _SR V.P. & Partner_
Address: _227 So. Main St., South Bend, IN_
_46601_

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _Timothy A. Baker_
Title: _SR. V.P. & Partner_
Company: _Holladay Properties_
Address: _227 So. Main St., So. Bend, IN_
_46601_
Phone: _574-217-4678_
email: _TBaker @ Holladay Prods=Tues._
_com_

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR ___(Honeywell)_____ :
[Print name of Settling Defendant]

_____
Dated

Name (print): John J. Morris
Title: Global Remediation Dir
Address: 115 Taber Rd
Morris Plains, NJ

Agent Authorized to Accept Service       Name (print): _____
on Behalf of Above-signed Party:         Title: _____
                                         Company: _____
                                         Address: _____
                                         _____
                                         Phone: _____
                                         email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR HUDSON LIGHT & POWER DEPT. :
[Print name of Settling Defendant]

8/10/16
Dated

Name (print): BRIAN R CHOQUETTE
Title: GENERAL MANAGER
Address: 49 FOREST AVE, HUDSON MA 01749

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Brian R. Choquette
Title: General Manager
Company: Hudson Light & Power Department
Address: 49 Forest Avenue
Hudson, MA 01749
Phone: 978-568-8736
email: bchoquette@hudsonlight.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR <u>Huntington Ingalls Incorporated</u> :
[Print name of Settling Defendant]

Dated 8/17/16

Name (print):
Title:
Address:

**Thomas Stiehle
VP Business Management
& CFO**

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):
Title: Registered Agent for Service of Process
Company: C T Corporation System
Address: 645 Lakeland East Drive, Suite 101
Flowood, Mississippi 39232

Phone:
email:

45

Signature Page for CD regarding the Ward Transformer Superfund Site

_Huntsville Utilities_

FOR ~~JAY C. STOWE~~ :

[Print name of Settling Defendant]

_8.16.16_
Dated

Name (print): JAY C. STOWE
Title: PRESIDENT & CEO
Address: PO Box 2084
         Huntsville, AL 35804

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Wayne S. Heath
Title: Attorney
Company: Bradley Arant Boult Cummings LLP
Address: 200 Clinton Ave. W, Suite 900
         Huntsville, AL 35801
Phone: 256- 517- 5100
email: wheath @ bradley . com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _IES Commercial, Inc._ :
[Print name of Settling Defendant]

8/1/16
Dated

Name (print): _Sarah Kernen_
Title: _VP, Asst. Secretary_
Address: _5433 Westheimer, Ste 500_
_Houston, TX 77056_

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _Joan Wash Hartley_
Title: _Special Counsel_
Company: _Nexsen Pruet, LLC_
Address: _1230 Main St., ste.700_
_Columbia SC 29201_
Phone: _803-540-2129_
email: _jhartley@nexsenpruet.com_

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Imerys Carbonates USA, Inc._ :
[Print name of Settling Defendant]

8/4/2016
Dated

Name (print): Cindy A. Hein
Title: Treasurer
Address:

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Doug Arnold
Title: Partner
Company: Alston + Bird LLP
Address: 1201 West Peachtree St.
Atlanta, GA 30309
Phone: (404) 881 7000
email: doug.arnold@alston.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Imerys Fused Minerals Garanrville, Inc._
[Print name of Settling Defendant]

7/08/16
Dated

Name (print): _Tim Newton_
Title: _C.O.O._
Address:

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: _____
Address: _____
_____
Phone: _____
email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _International Paper Co._ :
[Print name of Settling Defendant]

8/11/16
Dated

Name (print): Brian E. Heim
Title: Chief Counsel
Address: 6400 Poplar Ave
Memphis, TN 38197

Agent Authorized to Accept Service   Name (print): Brian E. Heim
on Behalf of Above-signed Party:     Title: Chief Counsel
                                     Company: International Paper
                                     Address: 6400 Poplar Ave
                                     Memphis, TN 38197
                                     Phone: 901-419-3824
                                     email: brian.heim@ipaper.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Intertape Polymer Group Inc._ :
[Print name of Settling Defendant]

8/16/16
Dated

Name (print): Shawn Nelson
Title: Senior VP, Sales
Address: 100 Paramount Dr. Suite 300
Sarasota FL 34232

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Randi M. Booth
Title: Vice-President & General Counsel
Company: Intertape Polymer Group Inc.
Address: 100 Paramount Dr. Suite 300
Sarasota FL 34232
Phone: 941. 739. 7521
email: rbooth@itape.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _J.C. Blair Memorial Hospital_
[Print name of Settling Defendant]

7/26/16
Dated

Name (print): Jason F. Hawkins
Title: CEO
Address: 1229 Warm Springs Ave
Huntingdon, PA 16652

Agent Authorized to Accept Service    Name (print): Marlene Pierce
on Behalf of Above-signed Party:      Title: V.P. of Quality Improvement
                                      Company: J.C. Blair Memorial Hospital
                                      Address: 1225 Warm Springs Ave.
                                      Huntingdon, PA 16652
                                      Phone: 814-643-8656
                                      email: mpierce@jcblair.org

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Jessop Steel, LLC_ :
[Print name of Settling Defendant]

8-5-2016
Dated

Name (print): Elliot S. Davis
Title: Sr. Vice President
Address: 1000 Six PPG place
Pittsburgh, PA 15222

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Matthew J. Engott
Title: Assistant General Counsel
Company: Jessop Steel, LLC
Address: 1000 Six PPG Place
Pittsburgh, PA 15222
Phone: 412-394-2910
email: matt.engott@atimetals.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  Jet Electric Motor Company, Inc.  :
[Print name of Settling Defendant]

8-15-16
Dated

Name (print): MICHAEL ZUROWSK
Title: PRESIDENT
Address: 688 SCHOOL ST.
PAWTUCKET, R.I

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Bret W. Jedele, Esq.
Title: Partner
Company: Chace Ruttenberg & Freedman, LLP
Address: One Park Row, Suite 300
Providence, RI 02903
Phone: 401-453-6400
email: bjedele@crfllp.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _John E. Kelly + Sons / Kelly Electric_
[Print name of Settling Defendant]

_8/16/16_
Dated

Name (print): Stephen P. Kelly, Sr
Title: President
Address:

Agent Authorized to Accept Service    Name (print): _____
on Behalf of Above-signed Party:      Title: _____
                                      Company: _____
                                      Address: _____
                                      _____
                                      Phone: _____
                                      email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR: _Kingsport Power Company_____
[Print name of Settling Defendant]

August 10, 2016
Dated

Name: Charles R. Patton
Title: President & COO
Address: Laidley Tower Suite 800
500 Lee St. East
Charleston, WV 25301

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _Charles R. Patton___
Title: _President & COO_____
Company: _Appalachian Power Co.
Address: _Laidley Tower Suite 800
_500 Lee St., East
Charleston, WV 25301
Phone: _(304)348-4152_____
email: _crpatton@aep.com_____

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>Koch Industries, Inc.</u> :
[Print name of Settling Defendant]

<u>8/4/16</u>
Dated

<u>Sheryl Corrigan</u>

Name (print): Sheryl Corrigan
Title: Director, EH&S
Address: 4111 East 37th Street North
         Wichita, KS 67220

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: <u>General Counsel</u>
Company: <u>Koch Companies Public Sector, LLC</u>
Address: 4111 East 37th Street North
         Wichita, KS 67220
Phone: (316) 828-5500
email:

45

Signature Page for CD regarding the Ward Transformer Superfund Site

Kraft Heinz Foods Company, for itself, and on behalf of Mondelēz Global LLC but only to the extent that Mondelēz Global LLC's alleged liability with respect to the Site arose in connection with the same transactions from which Kraft Heinz Foods Company's alleged liability arose

**FOR** Kraft Heinz Foods Company*
[Print name of Settling Defendant]

* for itself, and on behalf of Mondelēz Global LLC but only to the extent that Mondelēz Global LLC's alleged liability with respect to the Site arose in connection with the same transactions from which Kraft Heinz Foods Company's alleged liability arose.

8/15/16

Dated

Name (print): Donald J. Camerson II
Title: Bressler Amery & Ross, P.C
Address: Attorneys for Kraft Heinz Foods
325 Columbia Turnpike Company
Florham Park, NJ 07932

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Donald J. Camerson II
Title: Attorney
Address: Bressler Amery & Ross, P.C.
325 Columbia Turnpike
Florham Park, N.J.
07932
Phone: 973 660 4433
email: djcamerson@bressler.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _LaCrosse Footwear, Inc._ :
[Print name of Settling Defendant]

_8/1/16_
Dated

Name (print): KOYA OBA
Title: PRESIDENT
Address: 17634 NE AIRPORT WAY
         PORTLAND, OR 97230

Agent Authorized to Accept Service     Name (print): _____
on Behalf of Above-signed Party:       Title:        _____
                                       Company:      _____
                                       Address:      _____
                                                     _____
                                       Phone:        _____
                                       email:        _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Lafarge Mid-Atlantic, LLC_:

[Print name of Settling Defendant]

8/16/16
Dated

Name (print): William G. Miller
Title: Vice President
Address: 6401 Golden Triangle Dr., Suite 400
Greenbelt, Maryland 20770

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): William G. Miller
Title: Vice President
Company: Lafarge Mid-Atlantic LLC
Address: 6401 Golden Triangle Dr., Suite 400
Greenbelt, Maryland 20770
Phone: (301) 982-1497
email: bill.miller@lafargeholcim.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR **LEWIS Electric Supply Co Inc**
[Print name of Settling Defendant]

8/1/16
Dated

Name (print): Patricia K. LEWIS
Title: Sec/Tres.
Address: 1306 2nd Street
Muscle Shoals AL 35661

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Patricia K. Lewis
Title: _____
Company: _____
Address: _____
_____

Phone: _____
email: _____

resolutemgmt.com

twhite@resolutionmgmt.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _____ Town of Louisburg _____ :
[Print name of Settling Defendant]

8/11/16
Dated

_Karl T. Pernell_
Name (print): Karl T. Pernell
Title: Mayor
Address: 110 W. Nash Street Louisburg, NC

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Jonathan Franklin
Title: Town Administrator
Company: Town of Louisburg
Address: 110 W. Nash Street
          Louisburg, NC 27549
Phone: 919-497-1004
email: jfranklin@nc.rr.com

301996-00002000/5440393v3

**Signature Page for CD regarding the Ward Transformer Superfund Site**

FOR _Martin Marietta Materials, Inc._
[Print name of Settling Defendant]

_8-15-16_
**Dated**

_Roselyn Bar_

**Name (print)**
**Title:** _EVP, General Counsel + Corporate Secretary_
**Address:** _2710 Wycliff Road, Raleigh, NC 27607_

**Agent Authorized to Accept Service**
**On Behalf of Above-signed Party:**

**Name (print):** _____
**Title:** _____
**Company:** _C.T. Corp System_
**Address:** _150 Fayetteville St. Box 1011_
_Raleigh NC 27601_
**Phone:** _214-979-9480 (Service team)_
**email:** _____

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Mass. Electric Construction Co._:
[Print name of Settling Defendant]

_8-11-16_
Dated

Name (print): Joseph A. Forsythe
Title: Senior Vice President
Address: 400 Totten Pond Road, Suite 400
Waltham, MA. 02451

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): N/A
Title:
Company: CT Corporation System
Address: 155 Federal Street, Suite 700
Boston, MA 02110

Phone:
email:

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR MIDAMERICAN ENERGY COMPANY:**

July 29 , 2016
Dated

Jennifer McIvor
Vice President, Environmental Programs, Compliance
and Permitting
MidAmerican Energy Company
PO Box 657
Des Moines, IA 50309

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Paul Leighton
Vice President and Senior Trading Counsel
MidAmerican Energy Company
4299 Northwest Urbandale Dr.
Urbandale, IA 50322-7916
515-242-4099
PJLeighton@MidAmerican.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Mid-Valley Pipeline Company_:
[Print name of Settling Defendant]

_8/24/16_
Dated

Name (print): D. R. Chalson
Title: Vice President
Address: 4041 Market St., Aston, PA 19014

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Kevin Dunleavy
Title: Chief Counsel
Company: Sunoco, Inc.
Address: 3801 West Chester Pike
Newtown Square, PA 19073
Phone: 215-977-6373
email: Kevin.dunleavy@sunoco.com

**NOTE: A separate signature page must be signed by each settlor.**

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Jackson County Iron Company_
_k/n/a Mittal Steel-Lancashire Coal Inc._
[Print name of Settling Defendant]

8-15-16
Dated

Name (print): Mark Jeske
Title: Corp. Sec.
Address:

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Lisa S. Zebovitz
Title: Attorney
Company: Neal, Gerber & Eisenberg, LLP
Address: 2 N LaSalle Street
Chicago IL 60602 - 3801
Phone: 312 - 269 - 8033
email: lzebovitz@ngelaw.com

**NOTE: A separate signature page must be signed by each settlor.**

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _E. F_____

CITY OF MONROE

E L Faison

Name (print): E.L. Faison
Title: City Manager
Address: Post Office Box 69
　　　　　Monroe, North Carolina 28111

August 18, 2016
Dated

Name (print): E.L. Faison
Title: City Manager
Company: City of Monroe
Address: Post Office Box 69
　　　　　Monroe, North Carolina 28111
Phone: (704) 282-4500
email: lfaison@monroenc.org

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

301996-00002000/5440393v3

Signature Page for CD regarding the Ward Transformer Superfund Site.

FOR  NATIONAL LIME AND STONE COMPANY_____
[Print name of Settling Defendant]

8-18-2016
Date

Name:  R. Daniel Mapes
Title:  Director of Administrative Services
Address: 551 Lake Cascades Parkway
         Second Floor
         P.O. Box 120
         Findlay, OH  45840

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

Name (print): Thomas W. Palmer, Esq.
Title:       Corporate Counsel
Company:     Marshall & Melhorn, LLC
Address:     Four SeaGate, 8th Floor
             Toledo, OH  43604
Phone:       (419) 249-7100
Email:       palmer@marshall-melhorn.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR National Railroad Passenger Corporation
[Print name of Settling Defendant]

August 3, 2016
Dated

Name (print): William Herrmann
Title: VP & Managing Deputy General Counsel
Address: 60 Massachusetts Avenue, NE
Washington, DC  20002

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Eleanor D. Acheson, Executive VP,
Title: Chief Legal Officer, Gen. Coun. & Corp. Sec.
Company: National Railroad Passenger Corporation
Address: 60 Massachusetts Avenue, NE
Washington, DC  20002
Phone: (202) 906-2198
email: Achesoe@Amtrak.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>NEW HAMPSHIRE INSURANCE COMPANY</u>:

7/27/16
Dated

Name (print): _James J. Rowland_
Title: _VP + Asst. Comptroller._
Address:

7/28/16
Dated

Name (print): _Martha Bogot_
Title: _Assistant Secretary_
Address:

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _DEVALEENA DAS_
Title: _ASSOCIATE GENERAL COUNSEL_
Company: _NEW HAMPSHIRE INSURANCE COMPANY_
Address: _175 WATER STREET, 15TH FLOOR_
_NEW YORK, NY 10038_
Phone: _(212) 458-7965_
email: _devaleena.das@aig.com_

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Niagara Mohawk Power Corporation_
_d/b/a National Grid_ :
[Print name of Settling Defendant]

_8/19/16_
Dated

Name (print): Charles Willard
Title: Authorized Representative
Address: 300 Erie Blvd W
Syracuse NY 13202

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: New York Dept of State
Address: C/o Corporation Service Company
80 State Street
Phone: Albany, NY 11207-2543
email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Norfolk Southern Railway Company      :
[Print name of Settling Defendant]

8/15/16
Dated

Name (print):  Helen M. Hart
Title:   General Solicitor
Address: 3 Commercial Place, Norfolk, VA  23510

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):  Helen M. Hart
Title:    General Solicitor
Company:    Norfolk Southern Corporation
Address:    3 Commercial Place
Norfolk, VA  23510
Phone:    757-629-2752
email:    helen.hart@nscorp.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

NC Department of Agriculture & Consumer
Services a/k/a NC State Fair

**FOR** _____:

[Print name of Settling Defendant]

8.9.2016

Dated

Name (print): N. David Smith
Title: Chief Deputy Commissioner & Consumer Services
Address: NC Department of Agriculture & Consumer Services
1001 Mail Service Center
Raleigh, NC 27699-1001

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Tina L. Hlabse
Title: General Counsel
Company: NC Department of Agriculture & Consumer Services
Address: 1001 Mail Service Center
Raleigh, NC 27699-1001
Phone: 919-707-3013
email: Tina.Hlabse@ncagr.gov

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR: North Carolina Department of**
**Health and Human Services (NC DHHS)**

Aug. 15, 2016
Dated

Name: Richard O. Brajer
Title: Secretary
Address: 101 Blair Drive
          2001 Mail Service Center
          Raleigh, NC 27699-2001

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name: Lisa Granberry Corbett
Title:   Deputy General Counsel and
          Process Agent
Company: NC DHHS
Address: 101 Blair Drive
          2001 Mail Service Center
          Raleigh, NC 27699-2001
Phone:   (919) 855-4800
email: lisa.corbett@dhhs.nc.gov

301996-00002000/5440393v3

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR <u>The North Carolina Granite Corporation</u> :
[Print name of Settling Defendant]

August 16, 2016
Dated

Name (print): William G Swift
Title:
Address: President & CEO
151 Granite Quarry Trail
Mt Airy, NC 27030

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Denis E. Jacobson
Title: Attorney at Law
Company: Tuggle Duggins P.A.
Address: P.O. Box 2888
Greensboro, NC 27402
Phone: (336) 378-1431
email: djacobson@tuggleduggins.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR NORTH CAROLINA STATE UNIVERSITY:**

8·16·2016
Dated

| | |
|---|---|
| Name: | Scott R. Douglass |
| Title: | Vice Chancellor for Finance and Administration |
| Address: | Campus Box 7201 |
| | 106 Holladay Hall |
| | Raleigh, NC 27695-7201 |

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

| | |
|---|---|
| Name: | Brenton W. McConkey |
| Title: | Assistant General Counsel |
| Company: | North Carolina State University |
| | Office of General Counsel |
| Address: | Campus Box 7008 |
| | 304D Holladay Hall |
| | Raleigh, NC 27695-7008 |
| Phone: | 919-513-4051 |
| email: | brent_mcconkey@ncsu.edu |

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _NOVARTIS CORPORATION_ :
[Print name of Settling Defendant]

AUG. 18, 2016
Dated

Name (print): BARRY ROSENFELD
Title: SECRETARY
Address: 230 PARK AVE.
21st FLOOR
NEW YORK, NY 10169

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Keith P. McManus, Esq.
Title: Attorney for Novartis Corporation
Company: Bressler, Amery & Ross, P.C.
Address: 325 Columbia Turnpike Suite 301
Florham Park, New Jersey 07932

Phone: 973-514-1200
email: kmcmanus@bressler.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR __Nucor Corporation__ :
[Print name of Settling Defendant]

August 1, 2016
Dated

Name (print):  Tomas A. Miller
Title:  Vice President and General Manager of Environmental Affairs
Address:  1915 Rexford Rd.
Charlotte, NC  28211

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):  Nucor Corporation
Title:  Office of General Counsel
Company:
Address:  1915 Rexford Rd
Charlotte, NC  28211
Phone:  (704) 366-7000
email:  Greg.Murphy@nucor.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Occidental Chemical Corporation :
[Print name of Settling Defendant]

8/8/16
Dated

Name (print): Michael G. Anderson
Title: Vice President
Address: 5 Greenway Plaza, Suite 110
Houston, Texas 77046

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):  Frank A. Parigi
Title:          Vice President and General Counsel
Company:        Glenn Springs Holdings, Inc.
Address:        5005 LBJ Freeway
                Dallas, Texas 75244
Phone:          (972) 687-7503
email:          frank_parigi@oxy.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Orbital ATK, Inc. :
[Print name of Settling Defendant]

18 Aug 2016
Dated

_Elizabeth A. Humphrey_

Name (print): Elizabeth Ann Humphrey
Title: Sr. Director, Finance & HR for
Address: Patrick Nolan, VP|GM MPD
1501 S. Clinton Street, 11th Fl.
Baltimore, MD 21224

Agent Authorized to Accept Service    Name (print): _____
on Behalf of Above-signed Party:      Title: _____
                                      Company: CT Corporation
                                      Address: 4701 Cox Road, Suite 285
                                               Glen Allen, VA 23060

                                      Phone: _____
                                      email: _____

Signature Page for CD regarding the Ward Transformer Superfund Site

Owen Electric Steel Company

FOR of South Carolina :

[Print name of Settling Defendant]

8/15/16
Dated

Name (print): Paul Kirkpatrick
Title: Secretary
Address: 6565 N. MacArthur Blvd.
Suite 800
Irving, TX 75039

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: C.T. Corporation
Address: 1999 Bryan Street
Suite 900, Dallas, TX 75201
Phone: 866-665-5799
email: ct.wolterskluwer.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Palmetto Electric Cooperative, Inc.
[Print name of Settling Defendant]

August 16, 2016
Dated

Name (print): A. Berl Davis, Jr.
Title:      President and CEO
Address:    1 Cooperative Way
            Hardeeville, SC  29927

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Joan Wash Hartley
Title:      Special Counsel
Company:    Nelsen Pruet, LLC
Address:    1230 Main St., Ste 700
            Columbia SC  29201
Phone:      803-540-2129
email:      jhartley@nexsenpruet.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR PARKER HANNIFIN CORPORATION
[Print name of Settling Defendant]

AUGUST 4, 2016
Dated

Name (print): JOSEPH R. LEONTI
Title: VICE PRESIDENT, GENERAL COUNSEL AND SECRETARY
Address: 6035 PARKLAND BLVD.
CLEVELAND, OH 44124-4141

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): JOSEPH R. LEONTI
Title: VP, GENERAL COUNSEL AND SECRETARY
Company: PARKER HANNIFIN CORPORATION
Address: 6035 PARKLAND BLVD
CLEVELAND, OH 44124-4141
Phone: 216-896-2887
email: jleonti@parker.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** PCS Phosphate Company, Inc. :
[Print name of Settling Defendant]

8/15/16
Dated

Name (print): Robert Solly
Title: President
Address: 1101 Skokie Blvd, Suite 400, Northbrook, IL 60062

Agent Authorized to Accept Service   Name (print): Mary Beth Deemer
on Behalf of Above-signed Party:   Title: Partner
  Company: Jones Day
  Address: 500 Grant St., Suite 4500
    Pittsburgh, PA 15219
  Phone: 412-394-7920
  email: mbdeemer@jonesday.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR: CITY OF PHILADELPHIA

8/18/2016
Dated

Patrick K. O'Neill, Esq.
Divisional Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19103

Agent Authorized to Accept Service
On Behalf of Above-signed Party

Name: Patrick K. O'Neill, Esq.
Title: Divisional Deputy City Solicitor
Mailing Address: City of Philadelphia
                     Law Department
                     1515 Arch Street, 16th Fl.
                     Philadelphia, PA 19102
Phone Number: 215-683-5172
Email: patrick.oneill@phila.gov

Signature Page for CD regarding the Ward Transformer Superfund Site

Phillips 66 Company as successor in interest
**FOR** to ConocoPhillips Company                    :
[Print name of Settling Defendant]

8-10-16
Dated

Name (print): Steve Belin
Title:  Remediation Manager, Phillips 66 Company
Address: 420 South Keeler, PB-17-1715,
              Bartlesville, Oklahoma 74003

Agent Authorized to Accept Service    Name (print): Steve Belin
on Behalf of Above-signed Party:       Title:           Remediation Manager, Phillips 66 Company
                                        Company:      Phillips 66 Company
                                        Address:      420 S. Keeler Ave. PB-17-1715
                                                      Bartlesville, Oklahoma 74003
                                        Phone:        918.977.5399
                                        email:        Steve.A.Belin@p66.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _PPL Electric Utilities Corp_ :
[Print name of Settling Defendant]

OFFICE OF
GENERAL COUNSEL
BY: AK
DATE: 8/9/16

8/17/16
Dated

Name (print): _Michael Hasel_
Title: _Manager EU Environmental_
Address: _2 N. 9th Street_
_Allentown, PA 18101_

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):   Arundhati Khanwalkar
Title:          Sr Counsel & Corp Compliance Director
Company:        PPL Services Corporation
Address:        Two North Ninth Street
                Allentown, PA 18101-1179
Phone:          610-774-5466
email:          akhanwalkar@pplweb.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

August 15, 2016                          **City of Radford, Virginia**

David C. Ridpath
City Manager
10 Robertson Street, Radford, Virginia 24141

Agent Authorized to Accept Service          Name:          Gail Cook DeVilbiss
On behalf of Above-signed Party:            Title:         Radford City Attorney
                                            Company:       Gail Cook DeVilbiss, P.C.
                                            Address:       1128 East Main Street
                                                           Radford, Virginia 24141
                                            Phone Number:  (540) 639-4056
                                            Email:         gcdlaw@verizon.net

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR:** RESIDUAL ENTERPRISES CORPORATION
_____
[Print name of Settling Defendant]

7-25-16
Dated

Name (print): Nathan D. Goldman
Title: Vice President
Address: 500 Water Street-J150, Jacksonville, FL 32202

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): JEFFREY W. STYRON
Title: SENIOR COUNSEL - ENVIRONMENTAL
Company: CSX TRANSPORTATION, INC.
Address: 500 WATER ST., J150
JACKSONVILLE, FL 32202
Phone: (904) 366-4058
email: JEFF_STYRON@CSX.COM

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Riley Power Inc.                                    :
[Print name of Settling Defendant]

August 1, 2016
Dated

Name (print): Anthony A. Brandano
Title: Vice President, Treasurer and Chief Financial Officer
Address: 5 Neponset Street, Worcester, MA 01606

Agent Authorized to Accept Service    Name (print): Bradley Friesen, Esq.
on Behalf of Above-signed Party:      Title:
                                      Company: Bell Davis Pitt
                                      Address: 100 N. Cherry Street, Suite 600
                                               Winston-Salem, MC 27101
                                      Phone: 336-722-3700
                                      email: bfriesen@belldavispitt.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Roanoke Electric Steel Corporation:

8/8/16

Dated

T. Joe Crawford

Name (print):  T. Joe Crawford
Title:             Vice President and General Manager
Address:        102 Westside Boulevard NW
                     Roanoke, VA 24017

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

Name (print):  David R. Steiner
Title:             Attorney for Roanoke Electric Steel
                     Corporation
Company:       Barrett McNagny LLP
Address:        215 East Berry Street
                     Fort Wayne, IN 46802
Phone:           (260) 423-8915
email:            drs@barrettlaw.com

45

1658824

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Robert Bosch LLC :
[Print name of Settling Defendant]

8/17/16
Dated

Name (print): Jerry Johnson
Title: Deputy General Counsel NA
Address: 38000 Hills Tech Drive
Farmington Hills, MI 48331

Stephen Borgsdorf
Senior Legal Counsel NA
38000 Hills Tech Drive
Farmington Hills, MI 48331
Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: CSC - Lawyers Incorporating Service
Address: 601 Abbot Rd.
East Lansing MI 48823
Phone: 1-866-403-5272
email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Royal Street Junk Co., Inc. :
[Print name of Settling Defendant]

8/3/2016
Dated

Name (print): John A. Zieman Jr.
Title: PRESIDENT
Address: 800 S. Royal St.
Mobile, AL 36603

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Jacob H. Wellman
Title: Partner
Company: Teague Campbell Dennis & Gorham, LLP
Address: P. O. Box 19207
Raleigh, NC 27619-9207
Phone: (919) 873-0166
email: jwellman@teaguecampbell.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Rubbermaid Inc./Newell Brands Inc: (f/k/a
[Print name of Settling Defendant] Newell
Rubbermaid
Inc.)

8/1/2016
Dated

Name (print): Michael R. Peterson
Title: Assistant Secretary
Address: 6655 Peachtree Dunwoody Road
Atlanta, Ga. 30022

Agent Authorized to Accept Service    Name (print): Kristin Jones
on Behalf of Above-signed Party:      Title: Senior Environmental & Regulatory Counsel
                                      Company: Newell Brands Inc.
                                      Address: 6655 Peachtree Dunwoody Rd.
                                      Atlanta, GA 30022
                                      Phone: (770) 418.7822
                                      email: Kristin.jones@newellco.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Rutherford Electric Membership Corporation:

_8/5/16_
Dated

Name (print): Joseph H. Joplin
Title: General Manager
Address: P.O. Box 1569, Forest City, NC 28043

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Joseph H. Joplin
Title: General Manager
Company: Rutherford Electric Membership Corporation
Address: P.O. Box 1569 Forest City, NC 28043
Phone: 828-245-1621
email: jjoplin@remc.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR   <u>The City of San Antonio, acting by and through</u>
<u>City Public Service Board ("CPS Energy"):</u>

8/25/2016
_____
Dated

Name (print):  Paul Barham
Title:          Senior Vice President of
                 Delivery Engineering, Integrated Planning,
                 Substation & Transmission
Address:     145 Navarro
                 P.O. Box 1771
                 San Antonio, Texas 78296

Agent Authorized to Accept Service   Name (print):  Carolyn Shellman
On behalf of Above-signed Party:     Title:         Chief Legal & Administrative Officer
                                        Company     The City of San Antonio, acting by and through
                                                   City Public Service Board ("CPS Energy")
                                        Address:     145 Navarro
                                                   P.O. Box 1771
                                                     San Antonio, Texas 78296
                                        Phone:      (210) 353-4996
                                        Email:       CEShellman@CPSEnergy.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Santee Electric Cooperative, Inc._
[Print name of Settling Defendant]

8/8/16
Dated

_Robert G. Ardis III_
Name (print): Robert G. Ardis III
Title: President + CEO
Address: 424 Sumter Hwy
Kingstree, SC 29556

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Joan Wash Hartley
Title: Special Counsel
Company: Nexsen Pruet, LLC
Address: 1230 Main St., Ste. 700
Columbia SC 29201
Phone: 803-540-2129
email: jhartley@nexsenpruet.com

**Signature Page for CD regarding the Ward Transformer Superfund Site**

FOR     Seabrook Enterprises, Inc.

_8-11-16_

**Dated**

Name Gregory Estep

**Title:  President and Board Member**

**Address:  205 E. River Park Circle, Suite 310**

**Fresno, CA 93720**

**Agent Authorized to Accept Service**     **Name (print):**    **Carl Askey**

**On Behalf of Above-signed Party:**    **Title:**     **Vice-President – Finance/Olam Edible Nuts**

     **Company:**    Seabrook Enterprises, Inc.

     **Address:**    **2077 Convention Center Concourse, Suite 150**

**College Park, GA 30337**

     **Phone:**    **404-209-2626**

     **email:**    **carl.askey@olamnet.com**

TRI1\947396v1

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Shieldalloy Metallurgical Corperation:
[Print name of Settling Defendant]

8/19/2016
Dated

Dennis R. Shea

Name (print): Dennis R. Shea
Title: Director
Address: 35 S.W. Boulevard
P.O. Box 768
Newfield, NJ 08344

Agent Authorized to Accept Service    Name (print): Dennis R. Shea
on Behalf of Above-signed Party:      Title: Director
                                      Company: Shieldalloy Metallurgical Corporation
                                      Address: 435 Devon Park Drive, Building 201
                                      Wayne, PA 19087
                                      Phone: 610-293-5812
                                      email: dshea@amg-nv.com

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR**   South Carolina Public Service Authority:

8/15/16
Date

Name:     Pamela J. Williams
Title:      Sr. Vice President, Corporate Services
Address:  One Riverwood Drive
            Moncks Corner, SC  29461

SCPSA
LEGAL
APPROVED AS TO
LEGALITY AND
FORM

EHW
8/8/16

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name:     Elizabeth H. Babs Warner
Title:      VP, Legal Services & Corporate Secretary
Company: Santee Cooper
Address:  One Riverwood Drive
            Moncks Corner, SC 29461
Phone:    843-761-7004
Email:     ehwarner@santeecooper.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _South Central Power Company_
[Print name of Settling Defendant]

_July 25, 2016_
Dated

_Richard Lemond_

Name (print): Richard Lemonds
Title: President and CEO
Address: 2780 Coonpath Rd NE
Lancaster OH 43130

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Richard Lemonds
Title: President & CEO
Company: South Central Power Company
Address: 2780 Coonpath Rd NE
Lancaster Ohio 43130
Phone: 740-689-6181
email: lemonds@southcentralpower.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR   SOUTHERN ALLOY CORPORATION  :

[Print name of Settling Defendant]

8/5/2016

Dated

Name (print):Billy T. Bobbitt
Title: President
Address: Post Office Box 1168
           Sylacauga, Alabama   35150

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):   Billy T. Bobbitt
Title:       Registered Agent
Company:   Southern Alloy Corporation
Address:    36280 U. S. Highway 280
              Sylacauga, Alabama   35150-1168
Phone:      (256) 245-5237
email:       bbobbitt@southernalloy.com

Certified # 7014 0150 0001 9019 2245

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR <u>Southern Maryland Electric Cooperative, Inc.</u> :
[Print name of Settling Defendant]

<u>08/16/2016</u>
Dated

Name (print): Austin J. Slater, Jr.
Title: President & C.E.O.
Address: Southern Maryland Electric Cooperative, Inc.
15035 Burnt Store Road
P.O. Box 1937
Hughesville, MD 20637

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Mark A. MacDougall
Title: Senior Vice President and General Counsel
Company: Southern Maryland Electric Cooperative, Inc.
Address: 15035 Burnt Store Road, P.O. Box 1937
Hughesville, MD 20637
Phone: (301) 274-4307
email: Mark.macdougall @ smeco. coop

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>Sumter Electric Cooperative, Inc.</u>
[Print name of Settling Defendant]

8/5/2016
Dated

Name (print):
Title:
Address:

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

| | |
|---|---|
| Name (print): | Lewis W. Stone |
| Title: | Attorney |
| Company: | Stone & Gerken, P.A. |
| Address: | 4850 N. Highway 19A |
| | Mount Dora, FL 32757 |
| Phone: | 352-357-0330 |
| email: | Lewis@StoneandGerken.com |

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _SunBelt Transformer, LTD_ :
[Print name of Settling Defendant]

August 2, 2016
Dated

Name (print): _James Gentry_
Title: CFo
Address: 1922 South MLK JR. Drive
Temple, TX 76504

Agent Authorized to Accept Service    Name (print): _____
on Behalf of Above-signed Party:      Title: _____
                                      Company: _____
                                      Address: _____
                                               _____
                                      Phone: _____
                                      email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR**  Tallahassee Memorial HealthCare, Inc.          :
          [Print name of Settling Defendant]

8/18/2016
Dated

Name (print):  William A. Giudice
Title:  Vice President and Chief Financial Officer
Address:  1300 Miccosukee Road
          Tallahassee, FL  32308

Agent Authorized to Accept Service  Name (print):  Susan K. Spurgeon, Esq.
on Behalf of Above-signed Party:  Title:  Attorney
                                  Company:  Pennington, P.A.
                                  Address:  2701 N. Rocky Point Drive, Suite 900
                                            Tampa, FL  33607
                                  Phone:  813-639-9599
                                  email:  susan@penningtonlaw.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  *Town of Tarboro*  :
[Print name of Settling Defendant]

8/12/16
Dated

*Taro Knight*

Name (print):  Taro Knight
Title:       Mayor-ProTempore
Address:  P.O. Box 220
          500 Main Street
          Tarboro, NC 27886

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Troy R. Lewis
Title: Town Manager
Company: Town of Tarboro
Address:  P.O. Box 220   500 Main St.
          Tarboro, NC 27886
Phone:   252-641-4250
email: TroyLewis@tarboro-nc.com

**Signature Page for CD regarding the Ward Transformer Superfund Site**

FOR ___Timken US LLC_____ :

[Print name of Settling Defendant]

8/15/2016
Dated

Name (print) David B. Nolin
Title: Director - Legal Services
Address: 4500 Mount Pleasant St. NW
North Canton, OH 44720

**Agent Authorized to Accept Service
On Behalf of Above-signed Party:**

Name (print):  David B. Nolin
Title:  Director - Legal Services
Company:  The Timken Company
Address:  4500 Mount Pleasant St. NW
North Canton, OH 44720
Phone:  234-262-4363
email:  david.nolin@timken.com

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Transcontinental Gas Pipe Line Co., LLC
[Print name of Settling Defendant]

8/3/16
Dated

Rebecca Brown
Name (print): Rebecca Brown
Title: Manager, Environmental Services
Address: One Williams Center
Tulsa, OK 74172

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Donald E. Hockaday, III
Title: Senior Counsel
Company: Transcontinental Gas Pipe Line Co., LLC
Address: 2800 Post Oak Boulevard
Houston, TX 77056
Phone: (713) 215-2381
email: donald.e.hockadayiii@williams.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** <u>Trap Rock Industries, Inc.</u>                :
[Print name of Settling Defendant]

<u>August 15, 2016</u>
Dated

Name (print): Michael J. Crowley
Title:        Vice President
Address:      P.O. Box 419
              Kingston  NJ   08528

Agent Authorized to Accept Service  Name (print):  **Bonnie A. Barnett**
on Behalf of Above-signed Party:    Title:         **Esquire**
                                    Company:       **Drinker Biddle & Reath LLP**
                                    Address:       **One Logan Sq., Ste. 2000**
                                                   **Phila., PA 19103**

                                    Phone:         **215-988-2916**
                                    email:         **bonnie.barnett@dbr.com**

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** TREDEGAR FILM PRODUCTS CORPORATION:

_8/10/16_
Dated

Name (print): MICHAEL J. SCHEWEL
Title: Vice President, General Counsel & Secretary
Address: **1100 Boulders Parkway**
**Richmond VA   23225**

Agent Authorized to Accept Service     Name:      Dan J. Jordanger
on Behalf of Above-signed Party:       Title:     Partner
                                       Company:   Hunton & Williams LLP
                                       Address:   951 East Byrd Street
                                                  Richmond, Virginia  23219
                                       Phone:     (804) 788-8609
                                       email:     djordanger@hunton.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR <u>Trinity Industries, Inc.</u> :
[Print name of Settling Defendant]

<u>8-2-16</u>
Dated

Name (print): S. Theis Rice
Title: Sr. VP and CLO
Address: 2525 N. Stemmons Fwy.
Dallas, TX 75207

Agent Authorized to Accept Service    Name (print): _____
on Behalf of Above-signed Party:      Title: _____
                                      Company: _____
                                      Address: _____
                                               _____
                                      Phone: _____
                                      email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR Trustees of the University of Pennsylvania:**

August 3, 2016
Dated

Name (print): Benjamin J. Evans
Title:       Executive Dir., Office of Risk Mgmt. & Ins.
Address:     3431 Walnut Street
             Room 421 Franklin Bldg.
             Philadelphia, PA  19104

Agent Authorized to Accept Service       Name (print):  Brendan K. Collins
on Behalf of Above-signed Party:

Company:     Ballard Spahr LLP
Address:     1735 Market Street, 51st Flr.
             Philadelphia, PA  19103
Phone:       215-864-8106
email:       collins@ballardspahr.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Union Carbide Corporation
[Print name of Settling Defendant]

8-5-16
Dated

Name (print): Mary F. Draves
Title: Authorized Representative
Address: 1790 Building
Midland, MI 48674

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: CT Corporation System
Address: 111 Eighth Ave
New York, NY 10011
Phone: _____
email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _United States Pipe and Foundry Company, LLC_
[Print name of Settling Defendant]

8/12/16
Dated

Name (print): Brad Overstreet
Title: CFO
Address: Two Chase Corporate Drive
Suite 200
Birmingham, AL 35244

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Geoff Rathgeber
Title: Associate
Company: Alston + Bird LLP
Address: 1201 W. Peachtree St
Atlanta GA 30309
Phone: 404.881.4974
email: Associate geoff.rathgeber@alston.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  United States Steel Corporation       :
     [Print name of Settling Defendant]

8/15/2016
Dated

Name (print):  Andrew G. Thiros
Title:  Counsel-Environmental
Address:  600 Grant Street, Room 1500
          Pittsburgh, PA  15219

Agent Authorized to Accept Service      Name (print):  Andrew G. Thiros
on Behalf of Above-signed Party:        Title:         Counsel-Environmental
                                        Company:       United States Steel Corporation
                                        Address:       600 Grant Street, Room 1500
                                                       Pittsburgh , PA  15219
                                        Phone:         412-433-2983
                                        email:         agthiros@uss.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR: Unitil Energy Systems Inc.**

Dated: 08/15/2016

Name (print): Richard Franzazio
Title: Dir. Business Continuity & Compliance
Address: 6 Liberty Lane West, Hampton, NH 03842

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Company: _____
Address: _____
_____
Phone: _____
email: _____

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR  The University of North Carolina at Chapel Hill:
[Print name of Settling Defendant]

A. BRADLEY IVES, ASSOC. VICE CHANCELLOR FOR

8/10/16
Dated

Name (print):  Matthew M. Fajack
Title:  Vice Chancellor for Finance and Administration
Address:  300 South Building, 200 E. Cameron Avenue
Chapel Hill, NC 27599

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

Name (print):  David E. Fox
Title:  Attorney
Company:  Moore & Van Allen PLLC
Address:  100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Phone:  (919) 286-8069
email:  davidfox@mvalaw.com

TRI1\947396v1

**FOR VEOLIA ENVIRONMENTAL SERVICES NORTH AMERICA LLC, for itself and on behalf of Veolia ES Montenay Holdings LLC, but only to the extent that Veolia ES Montenay Holdings LLC's alleged liability with respect to the Site arose in connection with the same transaction from which Veolia Environmental Services North America LLC's alleged liability arose**

_Aug. 8, 2016_
Dated

Francis X. Ferrara
Senior Vice President & Deputy General Counsel
Veolia North America
120 Water Street
North Andover, MA 01845

Agent Authorized to Accept Service
on Behalf of Above –signed Party:

Philip G. Kief
Director, Corporate Counsel, Industrial Business
Veolia North America
4760 World Houston Parkway, Suite 100,
Houston, TX 77032
832-300-5748
Philip.kief@veolia.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR Villanova University.
[Print name of Settling Defendant]

8/18/16
Dated

Debra F. Fickler

Name (print): Debra F. Fickler
Title: Vice President and General Counsel
Address: 800 Lancaster Avenue
Villanova, PA 19085

Agent Authorized to Accept Service    Name (print): Michael T. Hamilton
on Behalf of Above-signed Party:       Title: Attorney
                                       Company: Marks O'Neill O'Brien Doherty Kelly P.C
                                       Address: 1800 JFK Blvd.
                                       Suite 1900 Philadelphia, Pa 19103
                                       Phone: 215-564-6688
                                       email: mhamilton@moodklaw.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Virginia Electric & Power Company_
[Print name of Settling Defendant]

_7/26/16_
Dated

Name (print): Mark O. Webb
Title: Sr. V.P. & General Counsel
Address: 120 Tredegar St.
Richmond, VA 23219

Agent Authorized to Accept Service    Name (print): _____
on Behalf of Above-signed Party:      Title: _____
                                      Company: C T Corporation System
                                      Address: 4701 Cox Road
                                               Suite 285
                                      Phone: Glen Allen, VA 23060
                                      email: (804) 217-7255

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Vulcan Construction Materials, LLC_
[Print name of Settling Defendant]

Dated 2/5/16

Name (print): Jerry F. Perkins Jr.
Title: MANAGER, & SECRETARY
Address:
1200 Urban Center Drive
Birmingham, AL 35242

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print): Doug Arnold
Title: Partner
Company: Alston and Bird LLP
Address: 1201 West Peachtree St.
Atlanta, GA 30305
Phone: (404) 881-7000
email: doug.arnold@alston.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Warren Electric Cooperative, Inc.:_
[Print name of Settling Defendant]

8/2/16
Dated

Name (print):   Gary W. Franklin
Title:          Chief Executive Officer
Address:        320 East Main Street
                Youngsville, PA 16371

Agent Authorized to Accept Service   Name (print):   Joan W. Hartley, Esq.
on Behalf of Above-signed Party:     Title:          Counsel
                                     Company:        Nexsen Pruet, LLC
                                     Address:        1230 Main Street, Suite 700
                                                     Columbia, SC 29201
                                     Phone:          (803) 540-2129
                                     email:          jhartley@nexsenpruet.com

45

**Signature Page for CD regarding the Ward Transformer Superfund Site**

FOR **Wartburg College:**
[Print name of Settling Defendant]

July 29, 2016
Dated

Name (print)  Wartburg College by Rich Seggerman
Title:  VP for Finance and Admininstration
Address:

Agent Authorized to Accept Service
On Behalf of Above-signed Party:

| | |
|---|---|
| Name (print): | Rich Seggerman |
| Title: | VP for Finance and Administration |
| Company: | Wartburg College |
| Address: | 100Wartburg Blvd |
| | Waverly, IA  50677 |
| Phone: | 319-830-9201 |
| email: | Richard.seggerman@wartburg.edu |

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Weyerhaeuser Company                          :

8/2/16
Dated

Name: (print) Devin Stockfish
Title:        Senior Vice President Counsel and
              Corporate Secretary
Address:     33663 Weyerhaeuser Way S
              Federal Way, WA 98003

Agent Authorized to Accept Service Name (print): Rachel McCall
On Behalf of Above-Signed Party:  Title:        Assistant General Counsel
                                  Company:     Weyerhaeuser Company
                                  Address:     33663 Weyerhaeuser Way S.
                                                Federal Way, WA 98003
                                  Phone:       (253) 924-2032
                                  email:       rachel.mccall@weyerhaeuser.com

45

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** Peace College of Raleigh, Inc.
(now William Peace University):

_8/a/16_
Dated

Name (print): George A. Yearwood
Title: Vice President for Administration &
Chief Financial Officer
Address: 15 E. Peace St., Raleigh, NC 27604

Agent Authorized to Accept Service

Name (print): George A. Yearwood
on Behalf of Above-signed Party:     Title:
Vice President for Administration & Chief
Financial Officer
Company: Peace College of Raleigh, Inc.
(now William Peace University)
Address: 15 E. Peace St.
             Raleigh, NC 27604
Phone:   919 508 2035
email:   ryearwood@peace.edu

301996-00002000/5440393v3

Signature Page for CD regarding the Ward Transformer Superfund Site

**FOR** City of Winston-Salem                    :
                   [Print name of Settling Defendant]

August 17, 2016
Dated

Name (print):  Lee Garrity
Title:  City Manager
Address:  P.O. Box 2511
Winston-Salem, NC 27102

Agent Authorized to Accept Service
on Behalf of Above-signed Party:

Name (print):  Lee Garrity
Title:   City Manager
Company:     City of Winston-Salem
Address:      P.O. Box 2511
                Winston-Salem, NC 27102
Phone: 336-734-1301
email:  leeg@cityofws.org

301996-00002000/5440393v3

Signature Page for CD regarding the Ward Transformer Superfund Site

FOR _Woodstream Corporation_:
[Print name of Settling Defendant]

July 26, 2016
Dated

Name (print): HARRY E. WHALEY
Title: CEO & PRESIDENT
Address: 69 N LOCUST STREET
LITITZ, PA 17543

Agent Authorized to Accept Service     Name (print): _____
on Behalf of Above-signed Party:       Title: _____
                                       Company: CT CORPORATION
                                       Address: _____
                                                _____
                                       Phone: _____
                                       email: _____

45